**In re William & Hermer TINSLEY, William & Peggy Groom, Tinsley & Groom, a partnership, Debtors.**

**Bankruptcy Nos. 1–83–00015, 5–83–00080 and 5–83–00079.**

United States Bankruptcy Court, W.D. Kentucky.

Jan. 31, 1984.

John W. Ames, Handmaker, Weber, Meyer & Rose, Louisville, Ky., for debtors.

Stewart E. Bland, Barnett & Alagia, Louisville, Ky., for West Kentucky Production Credit Ass'n.

### ORDER PURSUANT TO CONFIRMATION HEARING

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court for the confirmation hearing of a liquidating plan filed by a major creditor, West Kentucky Production Credit Association, and on objections thereto filed by the debtors. By way of historical background, this proceeding was filed on January 7, 1983 on behalf of Tinsley and Groom, a partnership, and by the individuals and their spouses to said partnership on March 11, 1983, said plans having been previously consolidated by this Court for administration. It is uncontro-

verted that the individuals and partnership qualify as a "farmer" as defined in 11 U.S.C. § 101(17) and § 101(30).

At said confirmation hearing the Court heard proof as to whether the requisites of § 1129(a)(1) through (11) had been met. Objections were made by the debtor that the plan did not conform to § 1129(a)(1), (2), (3), (7), (8), (10) and (11). Testimony was given as to the value of the assets comprising the estate and the proposed treatment under the plan of the classes of creditors. Based thereon, it is the opinion of the Court the provisions of § 1129(a)(7) have been met under the plan as proposed as well as the requirements of § 1129(a)(11). Further, that the requisite number of accepting creditors in number and dollar amount have voted to accept the plan in those classes which are impaired, thereby meeting the requirements of § 1129(a)(8) and (10).

A greater difficulty is the objection of the debtor as to whether the requirements of § 1129(a)(1)(2) and (3) have been met, which reads as follows:

(a) The court shall confirm a plan only if all of the following requirements are met:

(1) The plan complies with the applicable provisions of this chapter.

(2) The proponent of the plan complies with the applicable provisions of this chapter.

(3) The plan has been proposed in good faith and not by any means forbidden by law.

An affirmative answer to each is required before the Court has the authority to confirm the proposed liquidating plan. In essence, debtors submit that since 11 U.S.C. § 303(a) precludes an involuntary petition in bankruptcy against farmers under Chapter 7 or Chapter 11, and further, since § 1112(c) precludes the conversion from Chapter 11 to Chapter 7 of a farmer, that a proposed liquidation plan filed by a party in interest (§ 1121(c)(2)) is likewise precluded in a farmer's voluntary Chapter 11 petition, since to so sanction would allow a creditor to do indirectly that which cannot be achieved directly.

It is conceded by all parties that a Chapter 11 plan proceeding for reorganization or liquidation is authorized pursuant to § 1129(a)(11), and further that any party in interest pursuant to § 1121(c)(2) may file a plan as denoted therein. Debtor argues, however, that because of the special status granted to farmers against involuntary liquidations the plan as here proposed does not comply with the applicable provisions of this Chapter (§ 1129(a)(1)), and has not been proposed by any means forbidden by law (§ 1129(a)(3)). A further objection by the debtors alleges that the proponent of the plan has failed to comply with the applicable provisions of this Chapter (§ 1129(a)(2)) in that the liquidating plan proposes to sell property claimed exempt by the debtors without their consent as required by § 1123(c).

An exhaustive research of available case law by counsel for both the proponent of the plan and the objectors, as well as the Court, reveals little of precedential value. The debtors, in support of their position, rely upon *In re Blanton Smith Corp.*, 7 B.R. 410 (Bkrtcy.M.D.Tenn.1980), wherein said Court, in its final statement, notes, "The court concludes that both of the debtors are 'farmers' under the Bankruptcy Reform Act of 1978 and, accordingly, that a creditor cannot compel their liquidation in a bankruptcy proceeding under either chapter 7 or chapter 11." While the relief sought therein was for the converting of a Chapter 11 to a Chapter 7 or the appointment of a liquidating trustee, the issue precisely before this Court is distinguishable. Proponents rely upon *In Re Curlew Valley Associates,* 14 B.R. 506 (Bkrtcy.D.Utah 1981). Proponents further rely upon *In Re Robert Ellsworth,* 722 F.2d 1448 (9th Cir.1984). It is the opinion of this Court that the *Curlew* case likewise fails to precisely address the issue here presented, as does the *Ellsworth* case.

This Court is mindful of the interplay between the specific sections cited and the overview of what Congress sought to achieve by way of Chapter 11 relief under the Bankruptcy Reform Act of 1978. While specific restrictions or rights contained therein cannot be ignored, the absence of

similar restrictions in other sections cannot be construed as a Congressional oversight or be entitled to imputed applicability. All parties concede that a farmer cannot be involuntarily placed in a Chapter 7 or Chapter 11, nor can a farmer in a Chapter 11 be converted to a Chapter 7. The issue is whether a farmer who voluntarily files a Chapter 11 and who has exhausted his exclusive period for the filing of a plan is thereafter vulnerable to a liquidation plan in a Chapter 11 proceeding filed by a party in interest.

Where a farmer-debtor voluntarily files a Chapter 11 petition, substantial substantive benefits are sought and received. The institution of a Chapter 11 proceeding affords immediate benefits to the petitioner including, without limitation, automatic stay protection; retention of control of assets; an exclusive period for filing of a plan; and the right to assume or reject executory contracts. By so acting it must be assumed that the farmer, in evaluating a proper course of action at a time of financial stress, weighs not only the potential advantages but also the risks attendant thereto. By voluntarily placing himself before the Court and its jurisdiction, he is subjected to all the provisions of the applicable law, those affording relief and protection as well as those rights of creditors expressly stated and not otherwise limited.

■ This Court cannot infer that in this unique situation Congress foresaw the result but failed to act. The public policy of extending to the farmers a special status against involuntary liquidations is addressed in every respect with this sole exception. Extension of farmer protection against liquidation under the voluntarily filed Chapter 11 petition cannot be inferred based upon public policy elsewhere expressed as justification against the involuntary petitioner, especially where, as here, the farmer petitioner elects to invoke the benefits of Chapter 11 in a selective fashion while seeking to negate the rights of parties in interest expressly stated. It is the opinion of the Court, therefore, that the objections previously denoted are without foundation as they relate to § 1129(a)(1) and (3).

■ The plan of liquidation, however, makes no provision for the claimed exemptions in the assets owned by the debtor on the date of filing, and as such, fails to comply with the requirements of § 1123(c), and in this respect the plan fails to meet the requirements of § 1129(a)(2). Accordingly, the proponent of the plan is hereby granted a period of ten (10) days in which to file any modifications it deems appropriate, and thereafter any party in interest shall have a period of fifteen (15) days pursuant to § 1127(d) within which to change its previous acceptance or rejection.

IT IS FURTHER ORDERED that a failure by the proponent of the plan to file modifications within the time period stated shall result in an order denying confirmation of the proposed plan for failure to meet the requisite requirements of 11 U.S.C. § 1129(a)(2).

The above constitutes findings of fact and conclusions of law relative to the issues presented at the confirmation hearing, and this matter is continued generally until further orders of the Court.