**In re KEHN RANCH, INC., Debtor.**

**Bankruptcy No. 382–00038.**

United States Bankruptcy Court,
D. South Dakota.

Aug. 31, 1984.

Michael B. LeBaron, Arnold & McDowell, Minneapolis, Minn., Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for Connecticut Mut. Life Ins. Co.

Melvin I. Orenstein and Laurance R. Waldoch, Lindquist & Vennum, Minneapolis, Minn., Stuart L. Tiede, Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, S.D., for First Nat. Bank of Minneapolis.

Douglas R. Kettering, Hosmer & Kettering, Yankton, S.D., for Unsecured Creditors Committee.

Rolfe A. Worden, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, Minn., Stanley E. Whiting, Day, Grossenburg & Whiting, Winner, S.D., for Kehn Ranch, Inc.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The Court held a hearing on Creditor Connecticut Mutual Life Insurance Company's (Connecticut Mutual's) disclosure statement on March 12, 1984. Both the First National Bank of Minneapolis (First Bank) and the Unsecured Creditors Committee (Creditors Committee), through their counsel, filed objections arguing that the disclosure statement contemplated a plan which violated 11 U.S.C. § 1129(a)(1) by involuntarily liquidating the estate of a farmer as prohibited by 11 U.S.C. § 1112(c). At the close of the hearing, the Court took the matter under advisement and requested memorandums from counsel. The various counsel have submitted memorandums and the Court has reviewed the same.

Connecticut Mutual contends that First Bank and the Creditors Committee lack standing to object to the disclosure statement with regard to the alleged violation of 11 U.S.C. §§ 1112(c) and 1129(a)(1) and that, in any event, the objections are premature because they go to the plan, not the disclosure statement. The Court finds no merit in Connecticut Mutual's position. Clearly, a creditor may file an objection to a disclosure statement and be heard. *See* 11 U.S.C. §§ 1109(b) and 1125. Moreover, this Court will not proceed with the time-

consuming and expensive proposition of hearings on a disclosure statement and plan when the plan may not be confirmable because it does not comply with 11 U.S.C. §§ 1112(c) and 1129(a)(1). The Court's inherent powers and 11 U.S.C. § 105 surely enable it to control its own docket.

There is no dispute that the debtor is a farmer as defined in 11 U.S.C. § 101(17). Although Connecticut Mutual will not concede that its proposed plan is a "liquidation plan," the Court has no trouble finding that it is a liquidation plan. The plan provides that the debtor's property, valued at $5,492,050.00, will be sold to the extent necessary to pay liabilities of $13,974,-687.00. Connecticut Mutual's plan, as proposed, is a total liquidation plan.

Numerous courts have confronted the issue of whether a creditor's liquidation plan filed in a chapter 11 farm bankruptcy amounts to an involuntary conversion and, therefore, violates 11 U.S.C. §§ 1112(c) and 1129(a)(1). The authorities are split. *In re Lange*, 39 B.R. 483 (Bkrtcy.D.Kan.1984) (liquidation plan not confirmable); *In re Blanton Smith Corp.*, 7 B.R. 410 (Bkrtcy. M.D.Tenn.1980) (liquidation plan not allowed); *In re Cassidy Land and Cattle Company, Inc.*, Case No. 82–1257 (D.Neb. 1984) (unpublished) (liquidation plan allowed); *In re Tinsley*, 36 B.R. 807 (Bkrtcy. W.D.Ky.1984) (liquidation plan allowed); *In re Jasik*, 727 F.2d 1379 (5th Cir.1984) (liquidation plan allowed).

Upon analyzing the foregoing decisions, reviewing counsel's memorandums, and considering the arguments of counsel at the March 12, 1984, hearing, the Court is convinced that 11 U.S.C. §§ 1112(c) and 1129(a)(1) preclude Connecticut Mutual's proposed liquidation plan from ever being confirmed. The very well-reasoned decision of *In re Lange, supra,* succinctly and articulately addresses the issue at bar. Consequently, this Court incorporates by reference the legal analysis employed by the Court in *In re Lange, supra,* to the extent that it is otherwise consistent with this decision.

Based on the foregoing analysis, the objections of First Bank and the Creditors Committee, insofar as they allege that Connecticut Mutual's disclosure statement contemplates a plan that violates 11 U.S.C. §§ 1112(c) and 1129(a)(1), are sustained. Connecticut Mutual's disclosure statement and plan must be and are dismissed.

All of the above constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for First Bank is directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law, in accordance with Bankr.R.P. 9021, to the Clerk of this Court forthwith.