**In re Roland G. HUEBNER, William L. Huebner, Bear Bluff Farms, Huebner Brothers, Debtors.**

No. 86–C–7–S.

United States District Court, W.D. Wisconsin.

March 3, 1986.

Galen Pittman, La Crosse, Wis., for plaintiff.

C. Duane Patterson, Wausau, Wis., for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Appellant Aetna Life Insurance Company appeals from the Bankruptcy Court's dismissal of its creditor's plan of arrangement and disclosure statement filed in debtors' Chapter 11 bankruptcy proceeding. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8001.

## FACTS

Roland Huebner and William Huebner each filed a voluntary Chapter 11 bankruptcy petition on March 5, 1984 and March 28, 1984, respectively. On June 10, 1985, Huebner Brothers, a Wisconsin general partnership consisting of Roland and William Huebner, commenced its voluntary Chapter 11 case. On February 19, 1985, Bear Bluff Farms, a Wisconsin general partnership, 60 percent of which is owned by Huebner Brothers, filed its voluntary Chapter 11 bankruptcy petition. The Bankruptcy Judge consolidated the four Chapter 11 proceedings on June 26, 1985.

Aetna Life Insurance Company is a creditor of the debtors, holding a claim secured by a real estate mortgage on a portion of the real property owned by the debtors.

Debtors have not filed a plan of reorganization with the Bankruptcy Court, nor has any disclosure statement been transmitted to the creditors and approved by the Bankruptcy Court.

On September 19, 1985, Aetna filed a creditor's plan of arrangement and disclosure statement with respect to the debtors' consolidated cases, and gave notice of hearing on its proposed disclosure statement to all creditors scheduled by the debtors. Aetna's plan provided for the liquidation and distribution of debtors' property. A hearing on the disclosure statement was held on October 16, 1985. At that hearing, debtors' counsel objected generally to the filing of a disclosure statement and liquidating plan by Aetna, arguing that the creditor's plan of arrangement and disclosure statement constituted an attempt to involuntarily liquidate a farmer in contravention of the Bankruptcy Code. Aetna contended that no prohibition against the filing of a liquidating plan against a farmer/debtor exists under the Code.

On December 3, 1985, the Bankruptcy Court issued an opinion and order dismissing Aetna's disclosure statement and creditor's plan of arrangement. Aetna appeals from the Bankruptcy Court's decision.

## OPINION

When a district court reviews a bankruptcy court decision, the district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. Bankruptcy Rule 8013. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court has a definite and firm conviction that error has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed.2d 746 (1948). The Bankruptcy Court's conclusions of law are not subject to the clearly erroneous standard, but instead are subject to *de novo* review. *In re Evanston Motor Co., Inc.*, 735 F.2d 1029, 1031 (7th Cir. 1984).

It is clear under the Bankruptcy Code that a creditor cannot force a farmer into an involuntary Chapter 7 liquidation. 11 U.S.C. § 303(a). Similarly, a court cannot convert a farmer's Chapter 11 case into a Chapter 7 liquidation case over the farmer's objections. 11 U.S.C. § 1112(c). At issue in this appeal is whether a court, in a farmer's Chapter 11 proceeding, can confirm and implement a creditor's liquidation plan over the objections of the farmer, and thereby force a farmer to liquidate under Chapter 11.

A debtor who files a Chapter 11 bankruptcy petition has the exclusive right to

file a reorganization plan for the first 120 days after the date of the order for relief under Chapter 11. 11 U.S.C. § 1121(b). If the debtor has not filed a reorganization plan within those 120 days, any party in interest, including a creditor, may file a reorganization plan. 11 U.S.C. § 1121(c). The provisions a reorganization plan may include are set forth in § 1123 of the Bankruptcy Code. According to §§ 1123(a)(5)(D) and 1123(b)(4), a reorganization plan may contain provisions for liquidating debtor's assets.

Appellant Aetna contends that a literal reading of §§ 1121 and 1123 indicates that if a farmer does not file a Chapter 11 reorganization plan within 120 days, a creditor can file a reorganization plan that provides for the liquidation of the farmer. Appellee debtors argue that such a literal reading of §§ 1121 and 1123 circumvents Congress' intended protection of farmers from involuntary liquidation.

A number of courts have faced exactly this issue. The authorities, however, are split. The courts in *Matter of Button Hook Cattle Co., Inc.*, 747 F.2d 483 (8th Cir.1984) and *Matter of Jasik*, 727 F.2d 1379 (5th Cir.1984) both held that if a farmer files a Chapter 11 petition but fails to submit a reorganization plan within 120 days from filing, that farmer is vulnerable to a liquidation plan filed by a creditor. The courts in *Button Hook* and *Jasik* were concerned that otherwise a farmer would be able to indefinitely stall creditors by withholding a plan of reorganization. The court in *Jasik* stated:

Congress did give farmers special defensive protections under the Bankruptcy Act. However, nowhere in the statutory language or in legislative history is there evidence of any congressional intent to confer on a farmer the offensive capability to initiate a Chapter 11 proceeding which both stays collection by his creditors and allows him, by refusing to file, to block the submission of a plan of liquidation. To the contrary, Congress has expressed the intent that debtors in voluntary bankruptcy should not be able,

by merely withholding affirmative action, to suspend creditors' rights indefinitely.
*Jasik*, 727 F.2d at 1381.

On the other hand, the courts in *In re Lange*, 39 B.R. 483 (Bkrtcy.D.Kan.1984) and *In re Kehn Ranch, Inc.*, 41 B.R. 832 (Bkrtcy.D.S.D.1984) both held that a creditor's liquidation plan filed in a Chapter 11 farm bankruptcy amounts to an involuntary conversion and therefore could not be confirmed because it violates applicable provisions of the Bankruptcy Code. The court in *Lange* stated:

[I]t seems unreasonable to this Court that in 1978, Congress decided to prohibit involuntary liquidation of farmers in bankruptcy except if the farmer files a chapter 11 petition and does not file a plan within the first 4 months.... To hold that the farmer can be involuntarily liquidated against his will in chapter 11 would ... [be] failing to construe the Code in the favor of the farm debtor, and it would permit a creditor to do indirectly that which Congress prohibited them from doing directly.
*Lange*, 39 B.R. at 485–86.

After analyzing the above decisions and the parties' briefs, this Court is convinced that appellant's proposed liquidation plan can be confirmed and implemented over the debtors' objections. The literal language of §§ 1121 and 1123 provides that if a debtor fails to propose a reorganization plan within the first 120 days, a creditor may file a liquidation plan that may be confirmed over the debtor's objections. This Court, along with the Fifth and Eighth Circuit Courts of Appeals, believes that the failure to except farmers from these provisions was not a mere oversight.

A farmer is not protected from all dangers under the Bankruptcy Code. One protection that a farmer who files a voluntary Chapter 11 bankruptcy case does receive is that he or she is protected from involuntary conversion to a Chapter 7 case, thus preventing premature liquidation of a farmer. In most cases, however, a farmer is treated as any other Chapter 11 debtor. The Chapter 11 debtor has the exclusive

right to file a reorganization plan within the first 120 days after filing the petition. After that time, creditors have the right to propose a liquidating reorganization plan. In this way, a debtor who voluntarily files a Chapter 11 is not benefitted by his or her own inactivity. Similarly, a Chapter 11 debtor who happens to be a farmer should not be allowed to benefit by his or her own inactivity.

Dismissal of the debtors' petition provides the aggrieved creditor with virtually no relief. A subsequent refiling allows the stall to begin again.

Because debtors failed to file a reorganization plan within the time provided, the appellant Aetna had a right to file a reorganization plan that provided for liquidation. The Bankruptcy Court erred in dismissing appellant's plan of arrangement and disclosure statement for the reasons set forth in its opinion.

## ORDER

IT IS ORDERED that the order of the Bankruptcy Court dismissing Aetna's disclosure statement and plan of reorganization is REVERSED.