

---

### MEMORANDUM OPINION

THOMAS J. WILSON, Bankruptcy Judge.

J.F. Toner and Sons, Inc. (Debtor) is an incorporated dairy farming operation. The Debtor filed a Chapter 11 petition on February 23, 1983.

Nearly a year after the filing, no accepted plan of reorganization had been filed by the Debtor. Pursuant to 11 U.S.C. § 1121(c), several creditors joined in formulating a creditors' plan. This plan was filed on March 6, 1984, and subsequently confirmed. It is essentially a liquidating plan.

At the confirmation hearing, the Debtor objected to the plan's confirmation and moved to dismiss the entire Chapter 11 proceeding. This motion was denied. The Debtor then made motions to vacate the order denying the dismissal and/or to stay the order pending appeal. Debtor also moved for a rehearing at which time all arguments were heard.

The Debtor's position is twofold. Debtor's first contention is that a Chapter 11 liquidating plan cannot be confirmed by the Court if the debtor objects.

**In re J.F. TONER & SON, INC., Debtor.**

**Bankruptcy No. 5–83–00069.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

June 8, 1984.

The second contention is that the Debtor has the right to a dismissal under § 1129(b) because absent debtor's consent to confirmation of the creditors' plan, it is clear that no plan of reorganization is possible.

Debtor's second contention is dependent on acceptance of its first. Since this Court rejects Debtor's first contention in Part I, the second need not be addressed. The Court discusses the second in Part II, only as an additional basis for the holding.

## PART I

The legislative history indicates that the purpose behind the enactment of § 1121 was to restrict the unlimited exclusive right of debtors to file a plan of reorganization, which was problematic under the former Bankruptcy Act.

> Chapter XI gives the debtor the exclusive right to propose a plan. Creditors are excluded. The exclusive right gives the debtor undue bargaining leverage, because by delay he can force a settlement out of otherwise unwilling creditors, and they have little recourse except to move for conversion of the case to Chapter X. That is as contrary to their interests as it is to the debtor's, thus is rarely done. The debtor is in full control, often to the unfair disadvantage of creditors.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 231 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6191.

The current law requires that the debtor secure acceptance of its own plan within 180 days from the date of the order for relief. Afterward, any party in interest may file a plan. 11 U.S.C. § 1121. Since the Debtor filed its voluntary Chapter 11 petition over a year ago, it has been unable to get confirmation of a plan of its own.

The statutory period for the Debtor's exclusive right to file a plan has long since passed. Now the Debtor cannot be heard to complain that the creditors have exercised their rights. 11 U.S.C. § 1121(c). As one Court put it, "This provision curbs the unfair disadvantage to creditors of giving the debtor perpetual exclusive rights to initiate a plan. Farmer-debtors get neither more nor less." *In re Jasik*, 3 Bankr.L. Rep. (CCH) ¶ 84,725 (5th Cir. Mar. 26, 1984).

The *Jasik* case, recently decided by the Fifth Circuit, presented the exact issue as the case at bar. The Chapter 11 farmer objected to the creditors' plan, which was also essentially a liquidating plan. The farmer-debtors argued that the Bankruptcy Code exempted them from Chapter 11 liquidation proceedings. In that case, as in the case at bar, the debtors failed to gain acceptance of any plan of their own. Their only plan at that time was to delay the sale of their assets. Similarly, counsel for this Debtor admitted in Court that a reorganization at this time would be impossible and that the Debtor's strategy was to put off a sale of the assets as long as possible. This Court concurs with the Fifth Circuit opinion.

> Neither the letter nor spirit of § 1121 will allow the [Debtor] to use voluntary bankruptcy to postpone creditors' rights and also to prevent creditors from filing a plan (which under 11 U.S.C. § 1123(a)(5)(D) may include a liquidation) when [the Debtor itself has] failed to propose any means of effecting the reorganization [it] initiated this Chapter 11 proceeding to achieve.

## PART II

The Debtor points out that the Code prohibits conversion of a Chapter 11 reorganization to a Chapter 7 liquidation without the consent of the debtor-farmer. Then the Debtor concludes that a liquidating plan filed by the creditors, without the debtor-farmer's consent, is tantamount to the prohibited conversion and, therefore, prohibited by § 1112(c).

Several Code sections specifically contemplate liquidating plans. Nowhere in these sections is there an exception for farmers.

§ 1129(a)(11)

(a) The Court shall confirm a plan only if all of the following requirements are met:

.   .   .   .   .

(11) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor or any successor to the debtor under the plan, *unless such liquidation or reorganization is proposed in the plan.*

§ 1123(a)(5)(D)

(a) A plan shall—

.   .   .   .   .

(5) provide adequate means for the plan's execution such as—

.   .   .   .   .

(D) *sale of all or any part of the property of the estate,* either subject to or free of any lien, *or the distribution of all or any part of the property of the estate among those having an interest* in such property of the estate.

§ 1123(b)(4)

(b) Subject to subsection (a) of this section, a plan may—

.   .   .   .   .

(4) *provide for the sale of all or substantially all of the property of the estate, and the distribution of the proceeds of sale among holders of claims or interests.*

Furthermore, dismissal of this case on Debtor's motion pursuant to § 1112(b) is discretionary. Under Chapter 11, the debtor does not have an absolute right to dismissal. Dismissal under this section is appropriate only (1) for cause, *and* (2) if in the best interest of creditors and the estate.

Even if the Debtor could show cause, it is certainly not in the best interest of creditors to dismiss, in this case, where the proposed plan of liquidation filed by the creditors has already been accepted. Nor is dismissal in the best interest of the estate because there is no indication that the

estate would do anything but continue to diminish.