**In re NERLICH, N.V., A Netherlands Antilles Corporation, d/b/a Cherokee Plantation, Debtor.**

**In re NERLICH CORPORATION d/b/a Cherokee Plantation, Debtor.**

**Bankruptcy Nos. 85–01199, 85–01200.**

United States Bankruptcy Court,
D. South Carolina.

June 9, 1986.

Frank B. Wilensky, Macey, Wilensky, Cohen & Wittner, Atlanta, Ga., for debtor.

Stanley H. McGuffin, Asst. Gen. Counsel, Columbia, S.C., Mark S. Sharpe, Sinkler and Boyd, Charleston, S.C., for S.C. Nat. Bank.

### MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the approval, *vel non*, of the disclosure statement relating to the plan of reorganization, both of which were filed by South Carolina National Bank (SCN) on February 20, 1986.

The debtors and Hans Joachim Nerlich (Nerlich) object to the disclosure statement on the ground that a disclosure statement should not be approved if the plan of reorganization cannot be confirmed. The debtors contend that SCN's plan of reorganization proposes to liquidate the assets of farmers, which, debtors allege, is prohibited by the Bankruptcy Code (11 U.S.C. § 101 *et seq.*).

Nerlich objects to the disclosure statement on the ground that his claim impermissably was classified separately in the plan of reorganization.

## FACTS

On June 24, 1985, the debtors filed a petition for relief under chapter 11 of the Bankruptcy Code.

The debtors have not filed a plan of reorganization. More than 120 days have passed since the filing of the petition. Thus, the debtors' exclusive period for filing a plan has expired.[1]

SCN's plan of reorganization calls for the sale of the debtors' assets through a chapter 11 liquidation.

## ISSUES

### I

Whether a disclosure statement for a plan of reorganization which calls for the liquidation of a farmer's assets should be approved over the farmer's objection.

### II

Whether SCN's disclosure statement should be approved even though SCN's plan of reorganization places Nerlich's claim in a separate class.

## DISCUSSION AND CONCLUSION

### I

Although the Bankruptcy Code includes provisions which afford special protection to farmers—11 U.S.C. § 303(a) excepts farmers from involuntary cases; 11 U.S.C. § 1112(c) prohibits the court from converting a farmer's chapter 11 case to a case under chapter 7 unless the debtor requests such conversion—there is a split of authority as to whether a creditor's chapter 11 plan of reorganization, which proposes the liquidation of the assets of a farmer, should be confirmed over the farmer's objection. (A plan of reorganization which calls for the liquidation of a farmer's assets over his objection may be approved. *In re Jasik*, 727 F.2d 1379 (5th Cir.1984), *In re Button Hook Cattle Co., Inc.*, 747 F.2d 483 (8th Cir.1984) and *Toner v. Staunton P.C.A. (In re Toner)*, 40 B.R. 461 (Bankr. W.D.Va.1984), *aff'd* Case No. 84–2389 (4th

Cir.1985) 767 F.2d 912 (table). In other courts a plan of reorganization which called for the liquidation of a farmer's assets was not approved over the farmer's objection. *In re Lange*, 39 B.R. 483 (Bankr.D.Kan. 1984), and *In re Blanton Smith Corp.*, 7 B.R. 410 (Bankr.M.D.Tenn.1980)).

Once the farmer has entered Chapter 11 voluntarily, there should be no complaint that the provisions protecting creditors' rights are applied on an equal footing with those provisions that provide relief to debtors. Thus, creditors should be allowed to submit their own reorganization plans once the farmer has exhausted 11 U.S.C. § 1121's exclusive filing period. If a creditor's plan satisfies the requirements set forth in 11 U.S.C. § 1129, it should be confirmed over the farmer's objections notwithstanding the fact that it may propose the liquidation of the farmer's assets. The Code recognizes that liquidation is an appropriate form of reorganization, *see* 11 U.S.C. §§ 1123(a)(5)(d), (b)(4), 1129(a)(11), and, absent an indication of congressional intent to the contrary, we decline to imply a farmer's exemption from chapter 11 liquidation plans.

*Toner*, Case No. 84–2389 (4th Cir.1985), at 6.

■ With this guidance from the Court of Appeals of the Fourth Circuit, this court concludes that—at this point in the case when the debtor's exclusive filing period (11 U.S.C. § 1121) has expired—SCN's "rights apply on an equal footing with those provisions that provide relief to the [debtor, thus SCN] should be allowed to submit [its] own reorganization [plan] ... notwithstanding the fact that it may propose the liquidation of the farmer's assets." *See, Toner*.

■ SCN's disclosure statement contains "adequate information", as defined in 11 U.S.C. § 1125, and it should be approved. A hearing on the *confirmation* of SCN's plan will be scheduled for a later day.

1. See 11 U.S.C. § 1121(b).

## II

Nerlich, contending that the plan of reorganization should not be approved in that it classifies his claim separately, would have this court deny approval of SCN's disclosure statement. As authority for his position he relies on 11 U.S.C. § 1122, which states:

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

Nerlich's reliance on 11 U.S.C. § 1122 is misplaced. Section 1122 requires that all claims in a class be substantially similar to the other claims in that class but does not require that all similar claims be placed in the same class.

Section 1122 permits classification of claims and interests subject to the restriction that a claim or interest may be included in a particular class only if it is 'substantially similar' to other claims and interests of such class. Note that *the Code does not requires that all claims that are substantially similar be placed in the same class.*

*Collier on Bankruptcy,* ¶ 1122.03, p. 1122–7 (15th ed. 1979) (emphasis added).

■ This court agrees that 11 U.S.C. § 1122 does not require that all claims, which are substantially similar, be in the same class; therefore, the objection of Nerlich to SCN's disclosure statement should be overruled even though SCN's plan of reorganization places Nerlich's claim in a separate class.

### ORDER

The disclosure statement, as amended,[2] should be approved and the objections thereto overruled.

AND IT IS SO ORDERED.

2. Subsequent to the court's taking this matter under advisement, SCN filed an amendment to the disclosure statement which states: "Proponent has filed an objection to the claim of Nerlich and asserts in the objection that the claim is actually a contribution to capital rather than a valid debt of Debtor. In the event the Court determines the claim is actually a contribution to capital, Nerlich would remain a Class IV Creditor. In the event the Court determines the Nerlich claim is a valid debt of Debtor, the Plan would be amended to delete the Class IV classification and Nerlich would share in the distribution scheme as a Class III Creditor. This issue must be ruled upon prior to confirmation of any plan. An amendment to the plan deleting Class IV would be a material amendment and would require notification to creditors and a new vote on the amended plan."