JOHN R. GIBSON, Circuit Judge.
 

 The issue presented in this appeal is whether a farmer who files a petition under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101-1146 (1982), but fails to submit a reorganization plan within 120 days from filing is thereafter vulnerable to a liquidation plan filed by a party in interest to the chapter 11 proceeding. We conclude that a bankruptcy court may confirm a liquidation plan in such a situation, and therefore we affirm the district court’s
 
 [1]
 
 judgment approving the bankruptcy court’s
 
 [2]
 
 confirmation in this case.
 

 The appellant, Button Hook Cattle Company, is a family corporation engaged in the business of raising crops and cattle. On July 19, 1982, Button Hook filed a chapter 11 petition in bankruptcy court. Although the petition indicates that Button Hook intended to file a reorganization plan, it failed to do so within 120 days after filing the petition
 
 [3]
 
 and did not seek an
 
 *485
 
 extension. Thereafter, on December 21, 1982, the appellee, Commercial National Bank and Trust Company, Button Hook’s principal creditor, filed a creditor’s plan of reorganization which called for the sale of all of the debtor’s assets.
 

 On January 24,1983, Button Hook filed a motion to dismiss the chapter 11 proceeding. The bankruptcy court denied the motion, finding that Button Hook failed to show cause for the dismissal or that it would be in the best interest of creditors and the estate to dismiss.
 
 [4]
 
 Button Hook did not appeal the denial of the motion.
 

 Button Hook then filed an objection to the proposed liquidation plan, arguing that the Bankruptcy Court exempts farmers from involuntary liquidations under chapter 11. The court rejected this argument, reasoning that a farmer who files a voluntary chapter 11 petition is subject to the same benefits and risks that other chapter 11 debtors face, including the risk that if he fails to file a plan within the exclusive 120-day period, a creditor may thereafter propose a liquidation plan. Following a hearing at which the creditors voted in favor of the liquidation plan, the bankruptcy court confirmed the plan.
 

 On appeal, the district court agreed with the bankruptcy court that liquidation plans can be confirmed over the objection of farmer-debtors, noting that the Code section which allows creditors to file liquidation plans in chapter 11 proceedings, 11 U.S.C. § 1123(b)(4), has no exception for farmer-debtors. This appeal followed.
 

 Button Hook persists in its argument that the Code implicitly exempts farmers from chapter 11 liquidation proceedings. It relies on three Code sections to support its argument. First, section 303(a)
 
 [5]
 
 precludes the filing of an involuntary bankruptcy petition against a farmer under both chapters 7 and 11. The parties do not dispute that Button Hook is a farmer within the meaning of the Code. Second, section 1112(c)
 
 [6]
 
 prohibits the involuntary conversion of a chapter 11 case to a chapter 7 liquidation if the debtor is a farmer. Finally, Button Hook emphasizes that section 1112(e)
 
 [7]
 
 prohibits a bankruptcy court from doing indirectly what it cannot do directly: converting a farmer’s chapter 11 proceeding to a chapter 7 liquidation, without the farmer’s consent, by means of a liquidation plan.
 

 In a recent decision,
 
 In re Jasik,
 
 727 F.2d 1379 (5th Cir.1984), the Fifth Circuit examined the same arguments that Button Hook presents in this case and held that chapter 11 liquidation plans may be confirmed over the objection of farmer-debtors. As in this case, the farmer-debtors in
 
 Jasik
 
 filed a chapter 11 petition but did not submit a reorganization plan within the first 120 days, after which the bankruptcy court confirmed a liquidation plan over their objection.
 
 Id.
 
 at 1380-81.
 

 The
 
 Jasik
 
 court examined the legislative history of section 1121, which gives the chapter 11 debtor the exclusive right to file a reorganization plan within the first 120
 
 *486
 
 days but which allows other parties in interest to file a plan thereafter if the debtor fails to do so.
 
 Id.
 
 at 1381. Congress drafted section 1121 in response to a problem it saw in the earlier law. Under chapter XI of the Bankruptcy Act of 1898, only the debtor could propose a business reorganization plan. This arrangement gave the debtor “undue bargaining leverage, because by delay he * * * [could] force a settlement out of otherwise unwilling creditors.”
 
 Id.
 
 (quoting H.R.Rep. No. 595, 95th Cong., 2d Sess. 231,
 
 reprinted in
 
 1978 U.S. Code Cong. & Ad.News 5787, 5963, 6191). As Congress explained, by granting creditors authority to propose a plan if the debtor has failed to do so within the first 120 days, section 1121(c) “serves to eliminate the potential harm and disadvantages to creditors and democratizes the reorganization process.”
 
 Id.
 
 at 1382 (quoting
 
 Bankruptcy Act Revision,
 
 Serial No. 27, Part 3,
 
 Hearings on H.R. 31 and H.R. 32 before the Subcomm. on Civil and Constitutional Rights of the Comm, on the Judiciary,
 
 94th Cong., 2d Sess. (1976)).
 

 Moreover, Congress envisioned that creditors would propose liquidation plans in chapter 11 proceedings but did not except farmer-debtors from such plans.
 
 See
 
 11 U.S.C. §§ 1123(a)(5)(D), (b)(4)
 
 [8]
 
 ; Sen.Rep. No. 989, 95th Cong., 2d Sess. 119,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5905. We do not believe that this failure to except farmers was a mere oversight.
 

 The Bankruptcy Code does give farmers special
 
 defensive
 
 protection by excepting them from involuntary chapter 7 liquidations,
 
 see
 
 11 U.S.C. § 303(a), and involuntary conversions to chapter 7,
 
 see id.
 
 § 1112(c). However, as the
 
 Jasik
 
 court observed:
 

 [N]owhere in the statutory language or in legislative history is there evidence of any congressional intent to confer on a farmer the
 
 offensive
 
 capability to initiate a Chapter 11 proceeding which both stays collection by creditors and allows him, by refusing to file, to block the submission of a plan of liquidation. To the contrary, Congress has expressed the intent that debtors in voluntary bankruptcy should not be able, by merely withholding affirmative action, to suspend creditors’ rights indefinitely.
 

 727 F.2d at 1381 (emphasis added).
 

 We agree with the
 
 Jasik
 
 court that farmers are treated the same as other chapter 11 debtors in determining who can file a reorganization plan.
 
 See id.
 
 at 1382. Under section 1121(c)(2), if the farmer fails to propose a plan within the first 120 days, any party in interest may file a plan, including a liquidation plan, that may be confirmed over the farmer’s objection.
 
 [9]
 

 Button Hook relies on
 
 In re Blanton Smith Corp.,
 
 7 B.R. 410 (Bankr.M.D.Tenn.1980), to support its position that a bankruptcy court may not confirm a liquidation plan over a farmer-debtor’s objection. In that case the court stated, without explanation, that a creditor cannot compel a farmer’s liquidation under chapter 7 or chapter 11.
 
 Id.
 
 at 414. There is a split among the bankruptcy courts on this question.
 
 Compare In re J.F. Toner & Son, Inc.,
 
 40 B.R. 461 (Bankr.W.D.Va.1984) (liquidation plans may be confirmed over farmer-debtor’s objection)
 
 and In re Tinsley,
 
 36 B.R. 807 (Bankr.W.D.Ky.1984) (same)
 
 with In re Lange,
 
 39 B.R. 483 (Bankr.D.Kan.1984) (li
 
 *487
 
 quidation plans can only be confirmed with consent of farmer-debtor)
 
 and In re Blanton Smith Corp.,
 
 7 B.R. at 414 (same), We have considered these cases and find the reasoning in
 
 Jasik
 
 the most persuasive,
 

 Accordingly, we affirm the district court’s decision approving the bankruptcy court’s confirmation in this case.
 

 [1]
 

 . The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.
 

 [2]
 

 . The Honorable David L. Crawford, United States Bankruptcy Judge for the District of Nebraska.
 

 [3]
 

 . 11 U.S.C. § 1121(b) provides:
 

 Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.
 

 Id.
 
 § 1121(c) further provides:
 

 Any party in interest, including the debtor, the trustee, a creditors’ committee, an equity security holders’ committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—
 

 
 *485
 
 (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter.
 

 In a voluntary chapter 11 proceeding, as here, the date of the order for relief is the date the debtor files his petition for reorganization.
 
 Id.
 
 § 301.
 

 [4]
 

 . Under section 1112(b), any party in interest, including the debtor, may move to dismiss a chapter 11 proceeding; a bankruptcy court may grant the motion only for cause and only if a dismissal would be in the best interest of the creditors and the estate.
 

 [5]
 

 . Section 303(a) provides:
 

 An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person,
 
 except a farmer *
 
 * * that may be a debtor under the chapter under which such case is commenced.
 

 (Emphasis added.)
 

 [6]
 

 . Section 1112(c) provides:
 

 The court may not convert a case under this chapter [chapter 11] to a case under chapter 7 of this title if the debtor is a farmer * * * unless the debtor requests such conversion.
 

 [7]
 

 . Section 1112(e) states:
 

 Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.
 

 [8]
 

 . Section 1123(a)(5)(D) states:
 

 (a) A [reorganization] plan shall—
 

 ******
 

 (5) provide adequate means for the plan’s execution, such as—
 

 ******
 

 (D) sale of all or any part of the property of the estate, either subject to or free of any lien, or the distribution of all or any part of the property of the estate among those having an interest in such property of the estate.
 

 Section 1123(b)(4) states:
 

 (b) Subject to subsection (a) of this section, a plan may—
 

 ******
 

 (4) provide for the sale of all or substantially all of the property of the estate, and the distribution of the proceeds of such sale among holders of claims or interests.
 

 [9]
 

 . Under chapter 11 a reorganization plan may be confirmed without the approval of the debt- or. 11 U.S.C. § 1129.