**In re Merlyn Alvin YAGOW and Delores Ella Yagow, d/b/a D & M Trust, Debtors.**

**Bankruptcy No. 85–05257.**

United States Bankruptcy Court, D. North Dakota.

April 17, 1986.

Jon Brakke, Fargo, N.D., for Federal Land Bank and First Nat. Bank.

Roger Minch, Fargo, N.D., for PCA—Fargo.

Jane Freeman, Grand Forks, N.D., debtors.

Gary Annear, Fargo, N.D., for U.S.

Greg Selbo, Fargo, N.D., for Metlife Capital Corp.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The matter before the Court is confirmation of a Liquidating Plan of Reorganization filed March 10, 1986, by Federal Land Bank of St. Paul, the First National Bank of Milnor, and Production Credit Association. The following claim or interest holders have voted to reject the Plan:

| CLAIM OR INTEREST HOLDER | CLASS IN WHICH CLASSIFIED | STATUS | AMOUNT | BALLOT TABULATION OF CLASS |
|---|---|---|---|---|
| Sargent County | 1 | Unimpaired | $ 6,571.04 | Accept |
| Alvin Yagow (Debtor's father) | 8 | Unimpaired | Unknown | Reject |
| Lisbon Farmers Union Credit Union | 12 | Impaired | 16,530.00 | Reject |
| Farmers Union Oil Company | 14 | Impaired | 18,822.04 | Accept |
| Gwinner Farmers Elevator | 14 | Impaired | 13,314.76 | Accept |
| Merlyn Yagow | 15 | Impaired | Unknown | Reject |

All other voting claimholders have accepted the Plan. On April 7, 1986, the proposing creditors filed a written notice of their intent to request the Court to approve the Plan pursuant to 11 U.S.C. § 1129(b). Said request was made at the confirmation hearing before the undersigned on April 7, 1986. The Debtors, Merlyn and Delores Yagow, filed the only written objections to the Plan. The Debtors object on the basis that the confiscatory price statute (North Dakota Century Code § 28–29–04 and 28–29–05) prevents confirmation of a liquidating plan in bankruptcy, Federal Land Bank did not follow its own servicing policies when dealing with the Debtors, the Liquidating Plan is not timely, and the Liquidating Plan has not been proposed in good faith and not by any means forbidden by law.

The Debtors filed their Petition in bankruptcy on or about April 29, 1985. Their farming operation, which began in 1961, has increased to a current size of 1,225

tillable acres. Although the Debtors' farming operation formerly included a hog feeder operation, the Debtors' farming operation of late has included strictly small grain and row crop farming.

## CONCLUSIONS OF LAW

A plan of reorganization must meet all requirements of section 1129(a) of the Bankruptcy Code and cannot be confirmed without approval of all impaired classes of creditors unless the plan is capable of "cram down" pursuant to section 1129(b) of the Bankruptcy Code. 11 U.S.C. § 1129(a)(8) and (b)(1). *In re Hoff,* 54 B.R. 746, 750 (Bankr.D.N.D.1985). A plan may be confirmed under section 1129(b) if the court determines that the plan does not discriminate unfairly, is fair and equitable with respect to each class of impaired claims or interest which have not accepted the plan, and all provisions of section 1129(a) except for paragraph (8) have been met. *See* 11 U.S.C. § 1129(b)(1); *In re Hoff,* 54 B.R. at 756.

■ Class 8, which consists only of the claim of Alvin Yagow, the Debtor's father, has not accepted the Plan. Alvin Yagow's disputed claim, if it does become an allowed claim, is not impaired under the Plan as he will receive the entire amount of his allowed claim. *See* 11 U.S.C. § 1124(3)(A). Section 1126 of the Code provides that holders of claims of an unimpaired class are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interest of such class is not required." 11 U.S.C. § 1126(f); *In re Madison Hotel Associates,* 749 F.2d 410, 418 (7th Cir.1984). Thus, Class 8 is deemed to have accepted the Plan. Likewise, Class 1 claimant, Sargent county, is also unimpaired under the Plan and is deemed to have accepted the Plan. The remaining claims of Lisbon Farmers Union Credit Union, Farmers Union Oil Company, Gwinner's Farmers Elevator, and Merlyn and Delores Yagow will all need to be addressed pursuant to section 1129(b).

■ Section 303(a) of the Bankruptcy Code prevents an involuntary bankruptcy from being filed against a farmer. However, once a farmer files a voluntary bankruptcy petition, thereby submitting to the jurisdiction of the bankruptcy court, as did the Debtors, then the farmer is deemed to have submitted himself to the bankruptcy court jurisdiction for all purposes. A voluntary debtor in bankruptcy cannot rely on the benefits afforded by the Bankruptcy Code without also being subjected to the consequences of the Bankruptcy Code. The debtor in a Chapter 11 bankruptcy has an exclusive 120-day period to file a plan. 11 U.S.C. § 1121(b). Once that time period has expired, and unless the court has granted an extension of the exclusive time period to file a plan, any party in interest, including a creditor, may file a plan. Id. A creditor's plan may be a liquidation plan, and may be confirmed over a farmer/debtor's objection. *Matter of Buttonhook Cattle Co., Inc.,* 747 F.2d 483, 486 (8th Cir. 1984).

The Debtors assert that the North Dakota Confiscatory Price Statutes prevent confirmation of a liquidating plan. The statutes, cited by the Debtors, are as follows:

Until the price of farm products produced in this state shall rise to a point to equal at least the cost of production, in comparison with the price of other commodities in general, entering into the business of agriculture, the supreme court of this state and all district and county courts in this state shall have power, when it is deemed for the best interests of litigants, to extend the time for serving and filing all papers requisite and necessary for the final determination of any cause. Any such court, in like manner, may stay the entry of judgment or the issuance of execution thereon, or may defer the signing of any order for judgment, or may defer terms of court, whenever in the judgment of the court the strictly legal procedure in any cause will confiscate or tend to confiscate the property of any litigant by forcing the

sale of agricultural products upon a ruinous market.

N.D.Cent.Code § 28–29–04 (1974).

Whenever any foreclosure proceeding is pending in any court in this state and the amount of debt is less than the value of the property involved, and when any order for judgment will have the force and effect of depriving a defendant of his home and confiscating his property, the court may construe further proceedings to be unconscionable, and may delay the signing of such order to such time as it shall deem it advisable and just to enter the same.

N.D.Cent.Code § 28–29–05 (1974).

■ These statutes may offer a valid defense under state law but are not applicable once a debtor is in bankruptcy. When a debtor files bankruptcy, the debtor and the debtor's estate then become governed by federal law. *In re Reisnour*, 49 B.R. 406, 408 (1985). Article I, section 8, of the United States Constitution provides Congress the power to establish uniform bankruptcy laws throughout the United States. *Johnson v. First Nat. Bank of Montevideo, Minn.*, 719 F.2d 270, 273 (8th Cir.1983).

Where Congress has chosen to exercise its authority, contrary provisions of state law must accordingly give way. It is equally well-settled, however, that state laws are suspended only to the extent of actual conflict with the bankruptcy system provided by Congress, so that in the absence of any conflict between the state and bankruptcy laws, the law of the state where the property is situated governs questions of property rights.

*Id.*

■ One area where Congress has chosen to exercise its authority is in allowing a new contract, in the form of a confirmed plan, to completely change contractual rights which parties have under state law. Secured creditors holding claims of a debtor which are in default are not allowed to exercise state law rights and repossess or foreclose on collateral, but are bound by the terms of a reorganization plan. *In re*

*White Farm Equipment Co.*, 38 B.R. 718, 724 (D.N.D.Ohio 1984). A debtor is no more entitled to raise defenses to foreclosure under a liquidating plan than is a creditor entitled to raise foreclosure rights under a debtor's reorganization plan. If, as the Debtors assert, parties are entitled to have all state rights protected, even while in bankruptcy, then a bankruptcy court would be powerless to ever confirm a plan of reorganization pursuant to section 1129(b) against non-consenting claim or interest holders whose rights are impaired under state law.

Moreover, section 28–29–04 of the North Dakota Century Code gives discretionary authority only to state courts, including the supreme court and all district and county courts in this state, and section 28–29–05 only applies to formal foreclosure proceedings pending in any court within this state, not to a liquidating plan in a bankruptcy court.

■ The Debtors also contend that the Liquidating Plan should not be confirmed because Federal Land Bank did not follow its own loan servicing policies when dealing with the Debtors. The Debtors first raise this issue in their Brief and have presented no evidence to substantiate this contention. If the Debtors have a valid cause of action against Federal Land Bank, then the Debtors may still bring this action in state court at some later time. Mere assertions that a creditor proposing a liquidating plan has in some way infringed on a debtor's rights fall far short of establishing the proof necessary to stop confirmation of a plan on lack of good faith or similar grounds.

As addressed earlier, the Debtors had the exclusive right to file a plan within a 120-day period. Thereafter, the door was opened to all parties in interest to file a plan. The Debtors did not obtain an extension of this exclusive time period. Thus, the Debtors' contention that the Plan is not timely is meritless.

■ Likewise, the Debtors' objection that the Plan has not been proposed in good faith and not be any means forbidden

by law is also without merit. The fact that a creditor proposes a liquidating plan is not evidence of bad faith. *Buttonhook,* 747 F.2d at 485; *Matter of Jasik,* 727 F.2d 1379, 1383 (5th Cir.1984). Moreover, the filing of a plan following a court order which causes creditors to seriously question the security of their claims is likewise not indicative of lack of good faith.

 Section 1129(a)(7) of the Bankruptcy Code provides that:

> (7) with respect to of [sic] each impaired class of claims or interests—
>
>> (A) each holder of a claim or interest of such class—
>>
>>> (i) has accepted the plan; or
>>>
>>> (ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date ...

11 U.S.C. § 1129(a)(7)(A). Lisbon Farmers Union Credit Union, the Farmers Union Oil Company, Gwinner Farmers Elevator, and the Debtors will all retain as much and probably more under the Plan than they would retain in a liquidation under Chapter 7. Section 1129(a)(7) is thus met.

If pertinent requirements of section 1129(a) are met, the court *shall* confirm a plan if the plan is fair and equitable with respect to each class of claims or interests which is impaired and has not accepted the plan. 11 U.S.C. § 1129(b)(1). Class 12, a non-accepting class consisting only of the claim of Lisbon Farmers Union Credit Union, will receive the proceeds from the sale of its secured collateral and the Credit Union is allowed to bid in its claim at the auction sale where its collateral will be sold. Thus, the fair and equitable requirement of section 1129(b)(1) is met pursuant to section 1129(b)(2)(A)(ii).

Treatment of Class 15, the claim of Merlyn and Delores Yagow as interest holders, needs to meet the fair and equitable requirements of section 1129(b)(2)(C). This requirement is met as the Yagows will retain any remaining proceeds after senior claims are paid off and will retain their state law exemption rights. In addition, no junior interest will retain any property under the Plan.

All other requirements of section 1129(b), although not specifically raised, have been considered by the Court and are complied with under the Plan.

Although this Court has, in the past, exercised its discretion in allowing farm debtors a reasonable time to reorganize before a motion to dismiss is granted pursuant to section 1112 of the Code, the Court does not have this discretion when determining whether or not a plan is confirmable pursuant to section 1129(b) of the Code. The requirements for confirmation pursuant to section 1129(b) are quite clear, and the Court has little discretion in applying those requirements. Accordingly, and for the reasons stated, the liquidating Plan of Reorganization is CONFIRMED.

IT IS SO ORDERED.