**In re Quay JORGENSEN and Ardis I. Jorgensen, Debtors.**

**Quay JORGENSEN and Ardis I. Jorgensen, Appellants,**

v.

**FEDERAL LAND BANK OF SPOKANE, Appellee.**

BAP No. WW 85–1549–AsEAb.

Bankruptcy No. 84–01572T.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted May 21, 1986.

Decided Sept. 16, 1986.

William S. Weinstein, Weinstein & Hacker, Seattle, Wash., for appellants.

John R. Rizzardi, Hatch & Leslie, Seattle, Wash., for appellee.

Before ASHLAND, ELLIOTT and ABRAHAMS, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge.

The debtors, who are farmers, appeal from an order confirming a creditors' Chapter 11 liquidation plan over the debtors' objection. We modify the order and affirm.

## FACTS

Quay and Ardis Jorgensen are Chapter 11 debtors in possession under a petition filed July 27, 1984. The debtors own and farm trees on over 14,000 acres of timberland in Western Washington. They have assets of approximately $43 million and liabilities of about $21 million. The largest creditor is appellee, Federal Land Bank of Spokane (Bank), with over $15 million of secured obligations.

The debtors filed a disclosure statement and a proposed plan of reorganization on April 9, 1985. On June 11, 1985 several

creditors, including the Bank as the principal proponent, filed a plan which would liquidate debtors' assets over eighteen months. The debtors filed an amended plan and disclosure statement on July 16, 1985. The court approved debtors' and creditors' disclosure statements on August 5, 1985.

On September 3, 1985 the debtors requested permission to distribute $450,000 to certain creditors. The request was denied. The debtors renewed the request on October 29, 1985.

The confirmation hearing was held October 29 and November 1, 1985. At the hearing on October 29, the court was informed that post-petition payments to creditors had been made in derogation of court order. The court found that the debtors had attempted to "end-run the code" in bad faith making the plan defective. 11 U.S.C. § 1129. The court denied confirmation of the debtors' plan. (Tr. of 10/29/85 hrg., pp 31–32.)

The court next considered the creditors' plan. The court heard testimony and took evidence. On November 1 the debtors sought to substitute counsel and obtain a continuance. The debtors sought to call their attorney as a witness to testify to debtors' good faith in making the post-petition payments. The court allowed the substitution but not the continuance.

The court confirmed the creditors' liquidating plan over the debtors' objections by order of November 20, 1985. The plan provided for the controlled sale of timber and land for a period of 18 months under the supervision of a marketing agent. A liquidating and disbursing agent, with examiner's powers, would be employed to present sales to the court for approval. At the end of 18 months, assets would be liquidated at public auction if sufficient monies had not been generated to satisfy all creditors. Notice of appeal was timely filed on November 29, 1985.

On December 4, 1985 a hearing was held to resolve ambiguities and problems anticipated under the creditors' plan. The court authorized the cutting of timber and established accounting procedures. The debtors have engaged in logging operations pursuant to the plan.

## ISSUE

Whether the bankruptcy court erred in confirming the creditors' Chapter 11 liquidating plan over the objection of the farmer-debtors and, if not, whether the plan met the requirements of 11 U.S.C. § 1129(a).

## DISCUSSION

Findings of fact may not be set aside unless clearly erroneous and conclusions of law are subject to de novo review. *In re Pizza of Hawaii*, 761 F.2d 1374 (9th Cir. 1985). Bankr.Rule 8013.

The creditors begin their attack of the debtors' appeal arguing that there has been a "substantial consummation" of the plan rendering the appeal moot. *See*, 11 U.S.C. § 1101(2). Because the debtors failed to obtain a stay pending appeal and sold timber pursuant to the plan any appellate relief was rendered ineffective. *In re Roberts Farms, Inc.*, 652 F.2d 793 (9th 1981), *In re AOV Industries, Inc.*, 43 B.R. 468 (D.C.D.C.1984). We disagree.

Substantial consummation means: (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

Substantial consummation of a plan of reorganization turns on the facts of each case. *Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir.1982). Subsections (B) and (C) have been satisfied but the requirements of subsection (A) have not. *See, In re Heatron, Inc.*, 34 B.R. 526 (Bankr.W.D.Mo.1983), (a debtor was not precluded from modifying a confirmed plan

where 53% had been paid out under plan.). The word "substantial" suggests more than halfway, more than a mere preponderance. *Heatron* at 529. The debtor has only completed four months of selling timber under the 18 month plan; approximately $2 million has been generated to satisfy $21 million of debt.

The concept of substantial consummation usually arises in the context of plan modification and the binding effect of a confirmed plan. 11 U.S.C. §§ 1127(b), 1141. (Post-confirmation modification may take place before "substantial consummation" of plan.) Here the debtors do not seek a modification of the creditors' plan rather they appeal the order of confirmation. Failure to obtain a stay pending appeal does not render the appeal moot and is not dispositive of this appeal.

■ The real issue in this appeal is whether the court could confirm creditors' liquidating plan over the objection of the debtors. There is no dispute that the debtors are farmers as defined in 11 U.S.C. § 101(17) and that the creditors' plan is one of liquidation.

The debtors contend that the Bankruptcy Code implicitly exempts farmers from Chapter 11 liquidation. Section 303(a) prohibits the filing of an involuntary petition against a farmer under Chapters 7 and 11. Section 1112(c) precludes the involuntary conversion of a Chapter 11 to 7 if the debtor is a farmer. Therefore, it is contended that the court cannot convert a farmer's Chapter 11 to 7 by means of a liquidating plan over his objection.

Two circuit courts hold that a liquidating plan can be confirmed over the farmer's objection. *In Matter of Jasik*, 727 F.2d 1379 (5th Cir.1984), the court reviewed the code and legislative history. The court found that while Congress did give farmers special defensive protections, farmers could not use the Code offensively to block creditors from submitting a plan. *Jasik* at 1381. *See*, 11 U.S.C. §§ 1123(a)(5)(D) and (b)(4).

The court in *Matter of Button Hook Cattle Co., Inc.*, 747 F.2d 483 (8th Cir. 1984), agreed with the *Jasik* court that farmers are treated the same as other debtors in determining who can file a reorganization plan. Section 1121 was drafted to respond to the problems under the Bankruptcy Act where only the debtor could propose a plan and by delay could force settlements out of unwilling creditors. Allowing creditors to submit plans eliminated the potential harm and disadvantages to creditors and democratized the reorganization process.

Section 1121 limits the debtor's exclusive right to file a plan to the 120 days after the date of the order of relief. Once the period elapses without timely extensions creditors may file a plan. 11 U.S.C. § 1121. Sections 1123(a)(5)(D) and 1123(b)(4) provide for liquidating plans and § 1129 allows for a plan to be confirmed without the approval of debtor. Farmers as debtors are not exempt from this working of the Code. "Congress envisioned that creditors would propose liquidation plans in Chapter 11 proceedings but did not except farmer-debtors from such plans." *Matter of Button Hook Cattle Co., Inc.*, 747 F.2d 483, 486 (8th Cir.1984).

In the preceding cases the debtors did not file plans of reorganization before or after the 120 day exclusivity period. Here debtor has submitted a plan and an amended plan to the court for confirmation. Creditors have submitted a competing plan. The court can confirm a plan which satisfies § 1129. A creditor's liquidating plan may be confirmed over farmer-debtors' objection. A farmer-debtor is not immune from the burdens imposed by filing bankruptcy. He may not comply only with those provisions which aid him but evade those which do not. Upon becoming a debtor the farmer accepts the benefits subject to the risks. To hold otherwise would limit a creditor's remedy to a motion to dismiss the bankruptcy. Creditors would then resort to state law remedies to satisfy their claims.

Having determined that the plan could be confirmed over debtors' objection we next address whether the plan satisfied the prerequisites of § 1129. Debtors first contest the court's finding under § 1129(a)(11) that the creditors' plan is feasible. They state that the plan is vague and ambiguous; the effective date was undetermined; there were contradictory provisions; and it was unclear which properties were to be sold.

The court heard testimony and took evidence on the feasibility of the creditors' 18 month plan. The court had a thorough knowledge of the business and affairs of the debtor. The court found the plan feasible. Order on Confirmation of Plan, p. 4. The court was presented with ample evidence to demonstrate the reasonable probability of success of the plan. *In re Acequia, Inc.*, 787 F.2d 1352 (9th Cir.1986). Feasibility has been defined as whether the things which are to be done after confirmation can be done as a practical matter under the facts. *In re Clarkson*, 767 F.2d 417 (8th Cir.1985). Notwithstanding some ambiguities, the plan was feasible if the parties cooperated, especially the debtors in possession. See Tr. of 12/4/85 hrg. at 69.

The creditors' plan provides that the effective date for confirmation is the date on which the confirmation order became final and non-appealable or the date on which the creditors' fund has sufficient cash to pay administrative claims, whichever occurs later. To date, neither has occurred. Nonetheless, the court set January 1, 1986 as the effective date for the plan. Tr. of 12/4/85 hrg., p. 76, ln. 12. We find this to be harmless error. The court's selection of the effective date does not adversely affect substantial rights of the parties. 28 U.S.C. § 2111.

With the continued supervision of the court and a sincere effort by the parties the plan was feasible. The exact properties and timber to be sold would be under court supervision. The plan is not fatally vague and ambiguous.

The debtors challenge the authority of the court to appoint a marketing agent and a liquidating and disbursing agent. The court under §§ 105 and 1142(b) can make necessary orders to carry out the provisions of the plan. Moreover, the creditors' plan provided for the appointment of agents and allowed the court to make necessary orders to carry out the plan. Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to purposes of the Code. *In re Chininchian*, 784 F.2d 1440 (9th Cir.1986). Section 1123(b)(5) permits a plan to include provisions not inconsistent with the Bankruptcy Code.

Although the plan provided for the appointment of a particular person as marketing agent the court appointed Mr Jorgensen. The appointment of Mr Jorgensen, although "against his will", was based on the court's determination that he was the most knowledgeable and motivated to obtain the best return on his property. The only way for the debtors to keep as much of their timber farm as possible was for Mr Jorgensen to "market his timber and land in earnest." The court placed the destiny of the debtors in Mr Jorgensen's hands.

The appointment of the liquidating and disbursing agent is consistent with § 1123(b)(5). Traditionally, courts have appointed agents to make disbursements pursuant to plans, the function of a trustee with limited powers. Here, the property of the estate does not vest in the debtors until such time as all claims are paid in full. Creditors' plan, ¶ 4.8.

The creditors' plan did not provide for the appointment of an arbitrator. The court's appointment of an arbitrator if disputes arose is not a legitimate exercise of its power. The court may appoint an arbitrator only with the stipulation of the parties. *See* Bankr.Rule 9019(c).

The debtors contest the good faith proposal of the creditors' plan. 11 U.S.C. § 1129(a)(3). A plan of liquidation is allowed in §§ 1123(a)(5)(D) and (b)(4) and can be proposed in good faith. *In re Coastal Equities, Inc.*, 33 B.R. 898 (Bankr. S.D.Cal.1983). *See*, § 1129(a)(11). Good faith is assessed by the bankruptcy judge

and viewed under the totality of the circumstances. *Public Finance Corp. v. Freeman,* 712 F.2d 219 (5th Cir.1983). Good faith requires a fundamental fairness in dealing with one's creditors. The bankruptcy judge is in the best position to assess the good faith of the parties. Good faith requires that a plan will achieve a result consistent with the objectives and purposes of the Code. *In re Nite Lite Inns,* 17 B.R. 367 (Bankr.S.D.Cal.1982), *In re Coastal Equities, Inc.,* 33 B.R. 898 (Bankr.S.D.Cal.1983), *Matter of Madison Hotel, Associates,* 749 F.2d 410 (7th Cir. 1984). The court's finding of good faith is not clearly erroneous.

The court did not confirm debtors' plan for two reasons. First, the court found that the unauthorized payments to some creditors violated the spirit of the Bankruptcy Code and constituted a material modification of the debtors' proposed plan in violation of Bankruptcy Rule 3019. Second, the plan failed for lack of sufficient votes. The record sufficiently supports both findings.

■ The debtors next invoke the Fifth Amendment and concepts of due process to relieve themselves of the confirmation order. They contend the court arbitrarily dismissed the debtors' plan; excluded evidence of their good faith; and failed to give notice to creditors of the dismissal. The debtors' due process argument is without merit. The court's decision to prohibit the debtors from calling their own attorney as a witness on the good faith issue is not an abuse of discretion or a violation of due process.

Creditors were noticed of the confirmation hearing and had an opportunity to appear. The debtors' plan was not withdrawn from consideration but was denied confirmation for lack of good faith and lack of votes. The creditors' plan was considered next and approved. The debtors' due process argument was rejected below. We agree. The court would not condone debtors' improper behavior, allow a continuance, and then be forced to give additional notice because of the debtors' actions. Tr,

of 11/1/85 hrg., pp. 49–50. *See, In re Acequia,* 787 F.2d 1352 (9th Cir.1986).

The debtors insist they were denied representation of their choice. The court's frustration with the debtors and their attorneys attempt to delay the confirmation hearing is evident. Tr. of 11/1/85 hrg., pp. 45–50. The debtor was not forced to accept representation but was required to proceed with the case without further delay. The Rules of Professional Conduct provide that when ordered to do so a lawyer shall continue representation notwithstanding good cause for terminating the representation. Washington Rules of Professional Conduct 1.15(c). The court's rulings are not clearly erroneous or a mistake of law.

CONCLUSION

The denial of confirmation of the debtors' plan is affirmed. The appointment of an arbitrator contained in the order confirming the creditors' plan is stricken, and the order, as modified, is affirmed.