In re Nathanael John SCHULTZ and Delores Lovella Schultz, Michael Laverne Nigg and Phyllis Catherine Nigg, Debtors.

Nathanael J. SCHULTZ and Delores L. Schultz, Michael Laverne Nigg and Phyllis Catherine Nigg, the United States Trustee, William P. Westphal, Sr., Appellants,

v.

MITCHELL–HURON PRODUCTION CREDIT ASSOCIATION, Northeast South Dakota Production Credit Association, Appellees.

Civ. Nos. 86–4174, 86–4185.

United States District Court, D. South Dakota, S.D.

Jan. 30, 1987.

Wesley Schmidt, Sioux Falls, S.D., for appellants Schultz.

William J. Pfeiffer, Aberdeen, S.D., for appellants Niggs.

J. Bruce Blake, Sioux Falls, S.D., for appellees.

Andrew J. Schmidt, U.S. Trustee, Minneapolis, Minn., for the trustee.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, District Judge.

This case is a consolidated appeal from Bankruptcy Court orders entered August 19, 1986, in the cases of In re Nathanael John Schultz and Delores Lovella Schultz (Schultz) and In re Michael Laverne Nigg and Phyllis Catherine Nigg (Nigg). The orders appealed from are identical in both cases. In each case, the Bankruptcy Court entered an Order Confirming Plan and Discharge of Debtors, which confirmed the liquidation plan of Mitchell-Huron Produc-

tion Credit Association (Mitchell-Huron or PCA) in the Schultz case and the liquidation plan of Northeast South Dakota Production Credit Association (Northeast or PCA) in the Nigg case, and an Order: (1) Denying Objections of United States Trustee and (2) For Appointment of Chapter 11 Trustee.

The United States Trustee appeals from all four orders arguing that it was error for the Bankruptcy Court to order the appointment of a Chapter 11 Trustee contemporaneous with the confirmation of the liquidation plans. The debtors appeal on the same ground and on the additional ground that it was error for the Bankruptcy Court to confirm a liquidation plan in a farmer-debtor reorganization.

FACTS

Nathanael and Delores Schultz filed their Chapter 11 petition on January 28, 1985. The Niggs filed their Chapter 11 petition on January 28, 1985. Neither set of debtors filed a reorganization plan within the 120–day exclusivity period provided under section 1121(b) of the Bankruptcy Code (Code). As a result, Northeast filed a liquidation plan in the Nigg case on August 1, 1985, and Mitchell-Huron filed a liquidation plan in the Schultz case on June 25, 1985. Thereafter both sets of debtors filed reorganization plans. These debtor plans were denied confirmation for various reasons.

The liquidation plans of Northeast and Mitchell-Huron contained identical provisions for the appointment of a Chapter 11 liquidation trustee. In addition to providing for a liquidation trustee in their plans, Northeast and Mitchell-Huron also filed motions for the appointment of a Chapter 11 trustee for the purpose of liquidating the Schultz and Nigg estates.

Hearings were held in the Schultz and Nigg cases on the confirmation of the PCA plans and on the motions to appoint Chapter 11 liquidation trustees. The Bankruptcy Court consolidated the cases for the purpose of entering one memorandum decision on the identical legal question raised: Whether a creditor's liquidation plan must be administered by a liquidation agent des-

ignated by the creditor/proponent of the plan or may be administered by a Chapter 11 trustee appointed pursuant to the provisions of the Code by the United States Trustee. The Bankruptcy Court held that it was in the interest of all parties to have a liquidation plan administered by a Chapter 11 trustee rather than a liquidation agent, and that the provisions of the Code did not prohibit the use of a Chapter 11 trustee in that context. Accordingly, the Bankruptcy Court confirmed the PCAs' liquidation plans and granted the PCAs' motions for appointment of Chapter 11 liquidation trustees.

DISCUSSION

■ When deciding an appeal from a bankruptcy court decision, the appropriate standard of review is clearly erroneous for findings of fact and *de novo* for conclusion of law. *Matter of Newcomb,* 744 F.2d 621, 625 (8th Cir.1984). *See also* Bankruptcy Rule 8013. The question raised by this appeal is whether the Bankruptcy Court erred when it confirmed liquidation plans providing for the appointment of Chapter 11 liquidation trustees and ordered the appointment of Chapter 11 liquidation trustees contemporaneous with confirmation of the liquidation plans. This question raises purely legal issues, and the Bankruptcy Court's decision will be reviewed *de novo.*

■ The United States Trustee's position is that the Code allows the bankruptcy court to appoint a Chapter 11 trustee only at a time after the petition is filed and before confirmation of a plan. As this district is within the Pilot United States Trustees' Program, section 151104(a) governs the appointment of Chapter 11 trustees. That section provides:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause ...; or

(2) if such appointment is in the interest of [the parties]....

The United States Trustee argues that under the plain language of section 151104, a Chapter 11 trustee must be appointed before confirmation of a plan and not contemporaneous with confirmation of a plan. This Court agrees.

■ Section 151104(a)(1) and (2) set out the substantive requirements for the appointment of a Chapter 11 trustee. In its memorandum decision, the Bankruptcy Court found that section 151104(a)(2) was satisfied and that, therefore, a Chapter 11 trustee should be appointed. The Bankruptcy Court did not, however, address the threshold requirement of section 151104(a) that a Chapter 11 trustee can only be appointed after the petition is filed and before confirmation of a plan. Under the plain language of section 151104(a), it was error for the Bankruptcy Court to order the appointment of a Chapter 11 trustee contemporaneous with confirmation of the liquidation plans. And, because the PCAs' liquidation plans provided for the appointment of a Chapter 11 trustee contemporaneous with their confirmation in violation of section 151104(a), they did not meet the requirement of section 1129(a)(1) that the plans comply with the applicable provisions of the Code, and it was error for the Bankruptcy Court to confirm them.

■ A liquidating and disbursing agent named in the liquidation plan is an appropriate entity for carrying out a liquidation plan. The use of such an agent was recently approved by the United States Bankruptcy Appellate Panel of the Ninth Circuit under section 1123(b)(5) in *In re Jorgensen,* 66 B.R. 104, 108 (9th Cir. BAP 1986). Several Code sections support a bankruptcy court's power to appoint or approve a liquidating agent. *See* 11 U.S.C. §§ 105(a), 327(a), 1123(b)(5). The conduct and compensation of such an agent should be regulated by the terms of the plan. *See* 11 U.S.C. §§ 1123(a)(5), (b)(5), 1129(a)(4). Any actions taken by such an agent can be enforced by the bankruptcy court. *See* 11 U.S.C. § 1142(b). And the bankruptcy court can force the debtor to cooperate with such agent in compliance with the

plan. *See* 11 U.S.C. §§ 1141(a), 1142(a). Thus, while not expressly recognized by the Code, a liquidation agent, named by the plan proponent, with duties and manner of compensation set out in the plan, is an appropriate party to effectuate a liquidation plan.

■ The debtors argument that it was error for the Bankruptcy Court to confirm a liquidation plan over a farmer/debtor's objection is without merit. That issue was settled by the Eighth Circuit in *In re Button Hook Cattle Co.*, 747 F.2d 483 (8th Cir.1984), and *In re Cassidy Land and Cattle Co.*, 747 F.2d 487 (8th Cir.1984) and it does not need to be discussed further here.

It is, therefore,

HEREBY ORDERED:

(1) That the Bankruptcy Court Order Confirming Plan and Discharge of Debtors, dated August 19, 1986, entered in the case of In re Nathanael John Schultz and Delores Lovella Schultz, is reversed.

(2) That the Bankruptcy Court Order: (1) Denying Objections of United States Trustee and (2) for Appointment of Chapter 11 Trustee, dated August 19, 1986, entered in the case of In re Nathanael John Schultz and Delores Lovella Schultz, is reversed.

(3) That the Bankruptcy Court Order Confirming Plan and Discharge of Debtors, dated August 19, 1986, entered in the case of In re Michael Laverne Nigg and Phyllis Catherine Nigg, is reversed.

(4) That the Bankruptcy Court Order: (1) Denying Objections of United States Trustee and (2) for Appointment of Chapter 11 Trustee, dated August 19, 1986, entered in the case of In re Michael Laverne Nigg and Phyllis Catherine Nigg, is reversed.

(5) That the cases of In re Nathanael John Schultz and Delores Lovella Schultz and In re Michael Laverne Nigg and Phyllis Catherine Nigg are remanded to the Bankruptcy Court for further proceedings consistent with this opinion, and current bankruptcy law.