# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3417

_____

Rhett R. Sears; Rhett Sears Revocable Trust; Ronald H. Sears; Ron H. Sears Trust; Dane Sears,

*Appellees,*

v.

Korley B. Sears,

*Appellant,*

U.S. Trustee,

*U.S. Trustee.*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 15, 2016
Filed: July 18, 2017

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Korley Sears, a Chapter 11 debtor-in-possession, filed for bankruptcy in 2010. In 2012, several creditors initiated an adversary proceeding against Korley in bankruptcy court. The creditors argued that the court should not discharge Korley from his debts when confirming a plan of reorganization. Following a bench trial, the bankruptcy court[1] denied a discharge on the grounds that Korley concealed his property interest in a fishing boat and trailer, and made a false oath about the boat. The district court[2] affirmed the order. In this appeal, Korley raises several procedural arguments and also disputes the denial of a discharge on the merits. We affirm.

I.

In 2007, a group of relatives and related entities owned a significant portion of the shares of a company called AFY, Inc. We refer to these parties—Rhett Sears, the Rhett R. Sears Revocable Trust, Ronald Sears, the Ron H. Sears Trust, and Dane Sears—collectively as "the Searses." The Searses sold their shares of AFY to the company and Korley Sears. In return, Korley signed promissory notes payable to the Searses.

In February 2010, Korley filed for bankruptcy under Chapter 11 of the Bankruptcy Code. A principal issue in the bankruptcy case was whether claims filed by the Searses, which totaled over $5.2 million, should be allowed. The bankruptcy court allowed the claims in an order filed in August 2014, and we address Korley's appeal of that order in another decision filed today.

---

[1]The Honorable Thomas L. Saladino, Chief United States Bankruptcy Judge for the District of Nebraska.

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

This appeal concerns a separate order of the bankruptcy court, filed in September 2014, that denied Korley a discharge of his debts. Discharge is governed by 11 U.S.C. §§ 727, made applicable in this Chapter 11 bankruptcy case by 11 U.S.C. § 1141(d)(3)(C). The dispute over discharge arose from a transaction in May 2009 when Korley transferred title to a fishing boat and trailer to business associate April Good. The statement of financial affairs that Korley filed with his bankruptcy petition stated that he had transferred the boat to April Good and her husband Jason, in exchange for the cancellation of an $18,000 debt. In truth, the Searses now contend, Korley had retained possession of the boat and trailer, but he did not reveal this information in the statement of financial affairs or on a bankruptcy schedule for personal property.

In February 2012, the Official Committee of Unsecured Creditors in Korley's bankruptcy filed a complaint to avoid and recover certain transfers of property from Korley to the Goods. This adversary action sought to avoid the transfer of the boat on the grounds that the transfer was "preferential" under 11 U.S.C. § 547 and fraudulent under § 548. The Searses contend that after they filed the avoidance action, they learned that Korley had never physically transferred the boat and trailer to the Goods. Instead, they say, he had retained possession of the property and used it for his own enjoyment.

Therefore, in May 2012, the Searses initiated the adversary proceeding at issue in this appeal, arguing that the court should not grant Korley a discharge of his debts along with confirmation of a plan of reorganization. The Searses asserted that Korley concealed property by failing to disclose a possessory and beneficial interest in the boat and trailer on his statement of financial affairs. *See* 11 U.S.C. § 727(a)(2). They claimed alternatively that Korley made a "false oath" relating to the property in his statement of financial affairs and a bankruptcy schedule. *See* 11 U.S.C. § 727(a)(4)(A).

Following a bench trial in September 2014, the bankruptcy court denied Korley a discharge on both grounds asserted by the creditors. The court relied in part on the absence of testimony from Jason Good that Korley owed him or April Good $18,000, and the court did not find credible Korley's testimony about the boat. The district court affirmed the denial of discharge, and Korley appeals. As a second court of review, we review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *In re Bowles Sub Parcel A, LLC*, 792 F.3d 897, 901 (8th Cir. 2015).

## II.

Korley raises several procedural objections to the bankruptcy court's judgment denying a discharge. Korley first argues that the bankruptcy court did not have jurisdiction to determine that the Searses were "creditors" who had statutory standing to object to his discharge. Korley's theory is that when he appealed (in the main bankruptcy case) the bankruptcy court's order allowing the claims asserted by the Searses, the bankruptcy court was divested of jurisdiction to decide in this adversary action whether the Searses were creditors. An appeal, however, only divests the bankruptcy court "of its control over those aspects of the case involved in the appeal." *In re Fisette*, 695 F.3d 803, 806 (8th Cir. 2012) (quotation omitted). Whether the Searses' claims should have been allowed is distinct from whether the Searses were creditors. A creditor is an entity that has a claim, and a disputed claim is still a claim. *See* 11 U.S.C. § 101(5), (10); *In re Holstein*, 299 B.R. 211, 224-25 (Bankr. N.D. Ill. 2003). We therefore reject Korley's jurisdictional argument.

Korley also complains that the Searses were estopped from arguing for a denial of discharge based on a fraudulent transfer because they took an inconsistent position earlier in the proceeding. This point has no merit. Korley had argued that the bankruptcy court lacked authority to adjudicate a "fraudulent conveyance claim," and

the Searses merely responded that the adversary proceeding in which they objected to a discharge was not a fraudulent transfer action that exceeded the bankruptcy court's jurisdiction. *See* 28 U.S.C. § 157(b)(2)(J). The Searses' position concerning the bankruptcy court's authority did not preclude the Searses from arguing that the court should deny a discharge in bankruptcy because Korley fraudulently transferred property.

Korley next argues that his status as a "farmer" under the Bankruptcy Code, 11 U.S.C. § 101(20), precludes a denial of discharge where, as here, the creditors proposed a plan that would liquidate his assets. This contention is foreclosed by *In re Button Hook Cattle Co.*, 747 F.2d 483 (8th Cir. 1984), where this court held that farmers are not exempt from liquidation proceedings under Chapter 11. *Id.* at 485-87.

Korley further complains that he was denied due process when the bankruptcy court relied on a theory that the Searses did not advance. He says that the Searses objected to discharge on a theory of fraudulent "concealment" of property under § 727(a)(2), while the bankruptcy court instead denied discharge under a theory of fraudulent "transfer." There is no substance to this contention: "Concealment has generally been defined as the transfer of legal title to property to a third party with the retention of a secret interest by the Bankrupt." *In re Olivier*, 819 F.2d 550, 553 n.4 (5th Cir. 1987) (quotation omitted). In any event, the Searses' filings alleged both transfer and concealment, and the bankruptcy court's conclusion encompassed both concepts. We therefore reject Korley's claim that the ruling denied him due process.

Korley argues an evidentiary point that the bankruptcy court erred by considering the proofs of claim that the Searses filed in the bankruptcy case. We see no abuse of discretion, because the proofs of claim were authenticated and were admissible to show that the Searses were creditors with standing to object to Korley's discharge. Korley quibbles that the court should not have considered a decision of

the Bankruptcy Appellate Panel in a related case, but the fact of the decision was a proper subject of judicial notice, *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 914 (8th Cir. 2014), and the bankruptcy court's decision did not rely impermissibly on anything in the BAP opinion.

III.

Korley contends that even if the bankruptcy court's decision was procedurally sound, the denial of his discharge was inappropriate because the Searses' objections lacked merit. The bankruptcy court denied a discharge on two independent grounds.

The first basis is set forth in § 727(a)(2)(A): the debtor, with intent to hinder, delay, or defraud a creditor, has transferred or concealed property of the debtor within one year before the date of the filing of the bankruptcy petition. Korley argues that he did not conceal any property, because he transferred all ownership of the boat and trailer to the Goods, and there was nothing for him to conceal. The bankruptcy court, however, was on solid ground in concluding that Korley engaged in concealment when he transferred *legal title* to the boat and trailer, while he retained an undisclosed possessory interest in the property that allowed him to use it for his own purposes. *Rosen v. Bezner*, 996 F.2d 1527, 1532 (3d Cir. 1993); *Olivier*, 819 F.2d at 553-54 & nn.4-5; *In re Kauffman*, 675 F.2d 127, 128 (7th Cir. 1981) (per curiam). Nebraska law, moreover, recognizes possessory interests as property, and Korley concealed this property interest. Neb. Rev. Stat. §§ 76-101, 76-103.

Even with a finding of concealment, Korley asserts that he did not act with intent to hinder, delay, or defraud creditors. Circumstantial evidence is sufficient to prove intent, and the so-called "badges of fraud" support the bankruptcy court's inference. *See In re Woodfield*, 978 F.2d 516, 518 (9th Cir. 1992); *In re Kaiser*, 722 F.2d 1574, 1582-83 (2d Cir. 1983). Korley was in poor financial condition at the

time of the purported transfer, he had a close relationship with the putative transferee, the transferee did not corroborate Korley's claim that the transfer was in exchange for a preexisting debt, and Korley retained possession and use of the boat and trailer as he proceeded to bankruptcy. There was sufficient evidence to support the bankruptcy court's finding that the transfer was gratuitous. Fraudulent intent is presumed in this context when a debtor has gratuitously conveyed valuable property. *In re Armstrong*, 931 F.2d 1233, 1239 (8th Cir. 1991). Korley produced no persuasive contrary evidence to compel a finding that he did not intend to hinder, delay, or defraud his creditors. The bankruptcy court thus did not clearly err in finding the requisite intent, and the court properly denied a discharge under § 727(a)(2). We need not address the court's alternative determination that Korley knowingly and fraudulently made a false oath that also justified denying him a discharge under § 727(a)(4)(A).

\* \* \*

For these reasons, the order of the bankruptcy court is affirmed.

_____