**In re Forrest LITTLE and Janet Little, dba Little's Farm Supply, Debtors.**

**Bankruptcy No. 1–85–01687.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 26, 1988.

Peter J. Strauss, Cincinnati, Ohio, for debtors.

Mark Florence, Lebanon, Ohio, for PCA.

## DECISION and ORDER ON OBJECTION TO PCA CLAIM

BURTON PERLMAN, Bankruptcy Judge.

Debtors filed a Chapter 11 petition under the Bankruptcy Code on July 5, 1985. What is now before us is an objection by debtors to a claim of Production Credit Association of the Fourth District ("PCA")

on the ground that the value of their collateral, $157,000.00, is overstated. This question first surfaced, so far as the court is concerned, at a pretrial conference on objections to claims held March 4, 1988. (Doc. # 152.)[1] Prior to the pretrial conference on March 4, 1988, debtors' Second Amended Plan had been confirmed as modified, on September 23, 1987.

Prior to entry of the order of confirmation, there had been extensive proceedings in the case. Debtors filed their initial plan of arrangement on January 22, 1986. An amended plan was filed February 21, 1986. A hearing on confirmation of the amended plan was held April 21, 1986. The plan was not confirmed, for objections of creditors persisted, and debtors were in a negotiating posture with a number of them. Debtors subsequently filed a second amended plan which was represented to the court to contain consensual agreements with the several objectors and non-acceptors, so that the plan as further amended by the agreement was now in condition for confirmation. The second amended plan was then noticed to creditors. The only objection then filed was by PCA. Debtors asked that the court consider whether the plan was fair and equitable with respect to PCA so that the plan could be confirmed without the affirmative vote of PCA, pursuant to 11 U.S.C. § 1129(b). Such a hearing was held. Thereafter, on June 18, 1987, our Decision and Order was entered. We then denied confirmation because debtors' second amended plan could not be confirmed because it failed to provide that PCA retain its liens, and also that no adjustment of the proposed deferred payments were provided in the plan. 75 B.R. 128.

In the course of that Decision and Order, we stated (at p. 2): "It was stipulated further, that the value of collateral available to PCA in the real estate mortgaged to it by debtors was $157,000.00." That is, debtors and PCA settled their dispute as to

the value of PCA's collateral, and agreed to a value of $157,000.00.

Debtors then modified their second amended plan to overcome the grounds which we stated as bases for failure to confirm in our Decision and Order of June 18, 1987.

Order Confirming Second Amended Plan as Modified was then entered September 23, 1987. In that Order (p. 2) there appears a statement amending language of the second amended plan to read:

Production Credit Association is the holder of a secured claim in the principal amount of $162,678.98, secured by a note and first and second mortgages on certain land valued at $157,000.00. Said claimant will be paid $157,000.00 in annual installments of $50,000.00, commencing January 1, 1988, with installments due on the same date of each subsequent year until the $157,000.00 and the interest on the full principal amount are paid in full ...

On June 3, 1988, we held a final pretrial conference preliminary to hearing debtors' objection to the proof of claim of PCA. In the pretrial order entered after that conference, the following appears:

Debtors believe that PCA is secured by mortgages on fewer tracts of land than PCA claims and therefore the secured claim of PCA should be reduced. The threshold legal question before us then is whether debtors are precluded from raising that question given the present posture of the case.

Counsel shall submit simultaneous memoranda by June 17, 1988 on this issue.

PCA, on June 17, 1988, filed Memorandum Objecting to Relitigation of Security. Such memorandum was directed at the merits of the objection. It did not address the threshold preclusion issue which we had requested be addressed. Debtors for their part did not file any memorandum at all as

---

1. The pretrial conference was held pursuant to an objection to allowance of claims filed by debtors on January 27, 1988. (Doc. # 146.) With respect to the claim of PCA, the only ground of objection stated is "that Debtors do

not believe that Creditor is entitled to interest on its claim whether same be pre-petition or post-petition interest." There is no mention of a question about the value of PCA's collateral.

required by the pretrial order. Instead, they filed Motion for Modification of Second Amended Plan of Arrangement. The ultimate issue raised in debtors' objection to claim, and also in their motion to modify, is whether PCA is secured by collateral of the value of $157,000.00. More specifically, debtors assert that they were mistaken when they entered into a settlement with PCA, for at that time they believed that a certain mortgage which they now say should have been cancelled, was valid. They assert that PCA's valid collateral is only worth $57,000.00, not the $157,000.00 to which they agreed. The filing by debtors of a motion to modify their confirmed plan does not remove the necessity that we noted in our pretrial order, whether debtors should now be precluded from raising this question.[2]

The issue as we perceive it is whether debtors may, at this time in this bankruptcy case, disavow a settlement agreement they entered into with a major creditor on the ground of a mistake of fact at the time of entering into the settlement. We hold that they are precluded from so doing. To hold otherwise would require that we wipe clean the whole slate of this Chapter 11 case beginning at least with the filing of debtors' first disclosure statement on January 22, 1986 through confirmation of their second amended plan and start the entire process again.

In debtors' first disclosure statement they informed creditors that PCA was a secured creditor, in the amount of $137,-678.98. In their second amended disclosure statement filed August 25, 1986 they informed creditors that there was a dispute between debtors and PCA as to the principal amount of PCA's claim, with debtors asserting it was $138,678.98, while PCA claimed it to be $162,678.98. This dispute was settled by the parties at $157,000.00, and that settlement was reflected in our order of June 18, 1988 and expressly set out in order confirming the second amend-

ed plan. It is too late now for debtors to attempt to undo all of those events.

Fundamental in the scheme of Chapter 11 under the Bankruptcy Code is the role of the disclosure statement. One need only review 11 U.S.C. § 1125 to confirm that observation:

**11 U.S.C. § 1125. Postpetition disclosure and solicitation**

(a) In this section—

(1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan; and

(2) "investor typical of holders of claims or interests of the relevant class" means investor having—

(A) a claim or interest of the relevant class;

(B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and

(C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

(b) An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title [11 U.S.C. §§ 101 et seq.] from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing

---

**2.** The question debtors seek now to have adjudicated is not correctly raised procedurally either on an objection to claim or motion to modify plan. Rather should it be the subject of an

adversary proceeding. B.R. 7001(2); *In re Yagow,* 62 B.R. 73 (Bankr.N.D.1986) PCA has not objected on this ground and so we will not dispose of this matter on that basis.

adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

\* \* \* \* \* \*

It is apparent to us that if debtors were now permitted to litigate the question of whether PCA is secured by collateral of a value only of $57,000.00 rather than $138,-678.98, as debtors earlier contended, or $157,000.00 as debtors and PCA agreed, and were successful in the effort, in fairness to unsecured and other creditors, the order of confirmation would have to be vacated. In the context of this case, a reduction in the amount of secured indebtedness by an amount in the neighborhood of $80,000.00 to $100,000.00 would have a substantial impact on the willingness of other creditors to accept what was offered to them. In order to meet the statutory requirements of Chapter 11, then, creditors would have to be furnished a new disclosure statement reflecting the adjusted status of PCA. Only then could it be said that creditors had the adequate information contemplated by § 1125.

To hold otherwise would be to violate the principle that effective working of Chapter 11 demands that there be finality of orders of confirmation. *In re Astroglass Boat Co., Inc.*, 32 B.R. 538, 543 (Bankr.M.D. Tenn.1983). See also, *In re Blanton Smith Corp.*, 81 B.R. 440 (D.S.M.D.Tenn. 1987). The principle is apparent as well from the statute itself. At 11 U.S.C. § 1144, it is provided that an order of confirmation may be revoked only if it was procured by fraud and then only if a request is made within 180 days of confirmation.

One may surmise that the reason that debtors filed their motion to modify in response to our pretrial order requiring memoranda on preclusion by time, was to stake out a position that the time parameters for plan modification pursuant to 11 U.S.C. § 1127 were controlling here. We reject that premise. What is at hand here is no mere modification of debtors' plan. The settlement that debtors wish to abrogate is expressly set out in the order of confirmation. To grant debtors the relief they seek requires relief from that order.

The subject of relief from orders is dealt with in Rule 60 of the F.R.Cv.P. made applicable to bankruptcy by B.R. 9024. That rule makes provision for relief from mistake, inadvertence, excusable neglect, newly discovered evidence, etc. In order to procure relief for one of these reasons, a motion must be filed, and the motion must be made in a reasonable time. Suffice it to say that our analysis above persuades us that debtors have not acted in a reasonable time.

The objection of debtors to the claim of PCA on grounds that the value of the collateral of PCA is overstated is overruled. In addition, debtors' motion to modify their plan is denied.

So Ordered.