In re CASTLE INDUSTRIES, INC., Castle Industries of Arkansas, Inc., and Castle Home Sales, Inc., Consolidated Debtors-in-Possession.

### In re HOUSING FINANCIAL SERVICES, INC., Debtor-in-Possession.

John M. JEWELL, as Disbursing Agent for Castle Industries, Inc.; Castle Industries of Arkansas, Inc.; Castle Home Sales, Inc., and Housing Financial Services, Inc., Plaintiff,

v.

### GENERAL ELECTRIC CAPITAL CORPORATION, Defendant.

Bankruptcy Nos. 86–41519 F, 86–41523 F.

United States Bankruptcy Court, E.D. Arkansas, W.D.

Dec. 14, 1992.

Audrey R. Evans, Little Rock, AR, for defendant Gen. Elec. Capital Corp.

Geoffrey B. Treece, Thomas G. Williams, Little Rock, AR, for plaintiff John M. Jewell.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Chief Judge.

Pending before the Court is the defendant's Motion to Dismiss the plaintiff's June 3, 1992 Complaint for Recovery of Asset for failure to state a claim. The complaint seeks a turnover of property pursuant to 11 U.S.C. §§ 542 and 105. The Court held a hearing on the defendant's motion to dismiss on October 26, 1992.

### I. *Jurisdiction*

The Court has jurisdiction over this pending matter pursuant to 28 U.S.C. § 1334. Further the above proceeding is a core proceeding within 28 U.S.C. § 157(b)(2). The following Memorandum Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### II. *Findings of Fact*

At the October 26, 1992 hearing, the parties agreed to offer as evidence the June 3, 1992 complaint. The complaint states in relevant part:

## COMPLAINT FOR RECOVERY OF ASSET

John M. Jewell, as Disbursing Agent for Castle Industries, Inc., Castle Industries of Arkansas, Inc., Castle Home Sales, Inc. ("Consolidated Debtors") and Housing Financial Services, Inc. (hereinafter the Consolidated Debtors and Housing Financial Services, Inc. will be collectively referred to as "Debtors"), pursuant to 11 U.S.C. §§ 105 and 542, and Federal Rule of Bankruptcy Procedure 7001, for its Complaint for Recovery of Asset states:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157.

2. On September 9, 1986, the Debtors filed their respective Chapter 11 petitions in the Bankruptcy Court (the "Court"). On October 8, 1986, the Court ordered the administrative consolidation of the Debtors' Chapter 11 cases. On April 20, 1987, the Court ordered the substantive consolidation of the Consolidated Debtors' estates.

3. On October 15, 1987, the Debtors filed their Amended Joint Plain of Arrangement and Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code"). On November 23, 1987, the Plan was confirmed by the Court.

4. Pursuant to Article IX of the Plan, a disbursing agent was to be appointed to collect certain assets to which the Debtors' estate was entitled. Such assets were to be placed in the Creditor Payment Fund (the "Fund"), also established by the Plan, and invested as set forth in the Plan. Further, distributions from the Fund were to be made on a prorata basis to those creditors who held Class M Claims under the Plan (the "Class M Claimants"). On February 10, 1988, an Order was entered appointing John M. Jewell as Disbursing Agent under the Debtors' Plan (the "Disbursing Agent").

5. Since his appointment, the Disbursing Agent has collected numerous assets which have been placed in the Fund. At present, the Fund includes the following assets which are available for distribution to Class M Claimants:

*Accounts:*

a. First Commercial Bank
Investment Account # 0290289
Balance $95,304.06
(as of 5–6–92 statement)

b. First Commercial Bank
Checking Account # 0290297
Balance $362.25
(as of 5–6–92 statement)

*Certificates of Deposit*

a. One National Bank
CD # 52754
Maturity Date 6–3–92
Principal Amount—$101,413.16

b. Union National Bank
CD # 0839159
Weekly Maturity
Principal Amount—$97,601.61

c. Twin City Bank
CD # 94824
Maturity Date 6–13–92
Principal Amount—$56,950.00

6. Under the terms of the Plan, the Debtors' Chapter 11 cases shall not be closed except upon a motion of the Disbursing Agent. The Disbursing Agent, however, is unable to close these cases until all available assets have been recovered and placed in the Fund and a final disbursement of such assets has been made to the Class M Claimants.

7. At present, there is only one asset which the Disbursing Agent is entitled to recover which has not yet been recovered. This asset is a certificate of deposit held by Eagle Bank & Trust Company in the amount of $82,546.56 (the "GECC Certificate"). Under the terms of the Plan, however, the GECC Certificate has been pledged to General Electric Capital Corporation ("GECC"), formerly General Electric Credit Corporation, to secure the payment by the Debtors of certain bonds issued in favor GECC under the terms of the Plan (the "Bonds"). The obligations of the Debtors to pay such Bonds are presently being met by Forrest Capital Corporation ("FCC") which assumed such obligations following confirmation of the Plan. FCC is presently in the business of servicing mortgage loan portfolios and is making such bond payments from fees collected in connection with its mortgage loan servicing business.

8. In addition to the GECC Certificate, the Bonds are also secured by the revenues generated from certain retail installment contracts (the "Contracts") as payments are made under such Contracts for the purchase of mobile homes. Such revenues are collected by FCC and paid directly to GECC.

9. At present, the outstanding principal owed to GECC by the Debtors is $1,982,806.16. Additionally, the remaining amount of monies due and owing under the Contracts is $1,680,807.50.

10. By comparing the amount owed under the Contracts against the outstanding principal amount of the Bonds, GECC holds security worth approximately eighty-five percent (85%) of the remaining principal owed on the Bonds. With the addition of the GECC Certificate as collateral, the value of GECC's security only increases to approximately eighty-nine percent (89%). Additionally, following the payment of the amount due and owing on the Contracts, FCC will continue to collect funds from other sources associated with its business so that it may continue to meet the debt service on the Bonds.

11. The Disbursing Agent has attempted to negotiate with GECC for the turnover of the GECC Certificate for a significant period of time. Additionally, the Debtors have avoided making a partial distribution from the Fund to Class M Claimants in hopes of recovering all available assets so that a one-time distribution can be made, thereby reducing the expenses incurred by the Fund. GECC has refused to turn over the GECC Certificate.

12. This Chapter 11 proceeding has continued for a period in excess of five and one-half years. The only remaining obstacle to closing this Chapter 11 proceeding is the recovery of all available assets to which the Disbursing Agent is entitled and a final pro-rata disbursement of such assets to Class M Claimants. Following the recovery of the GECC Certificate by the Disbursing Agent, such a final distribution can be made to Class M Claimants. The Disbursing Agent has determined each Class M Claimant and the amount of each claim and is prepared to make a final disbursement.

13. Under § 105 of the Code, the Court may issue any order necessary or appropriate to carry out the provisions of the Code. Considering the consequences that will result if GECC is allowed to hold the GECC Certificate until the Bonds are paid in full, as opposed to the consequences that will result if the GECC Certificate is released to the Disbursing Agent, the equities weigh in favor of the release of the certificate. Specifically, if the Court allows GECC to retain the GECC Certificate until the Bonds are paid off, the GECC Certificate may not be available for recovery until as late as the year 2000 when the final

Bonds mature. Such a result would cause the continued administration of this case for approximately eight more years, including the continued accrual of fees and expenses incurred in connection with the administration of the Fund. Additionally, the Disbursing Agent would be forced to make two distributions to the Class M Claimants, thereby incurring additional expenses and reducing the amount of funds available for distribution.

14. The benefit of an immediate recovery of the GECC Certificate is that it would allow the Disbursing Agent to make a one-time, final disbursement to Class M Claimants and, subsequent to such disbursement, move to close the Debtors' Chapter 11 proceedings. Additionally, there is no significant detriment to GECC in turning over the GECC Certificate. As noted, the GECC Certificate only represents a four percent (4%) increase in the available security for the payment of the Bonds and, therefore, does not materially affect the status of GECC's secured position; GECC remains undersecured with or without the GECC Certificate as security. Additionally, all bond payments required to be made under the Plan have been made in a timely fashion thus far and, in fact, many of the Contracts have been prepaid and the revenues received therefrom applied immediately to GECC. Such prepayments have resulted in an accelerated reduction in the principal amount of bonded indebtedness owed to GECC.

15. Based upon the foregoing, the lien of GECC on the GECC Certificate should be extinguished and GECC should be forced to turnover to the Disbursing Agent the GECC Certificate under § 542 of the Code. A turnover of the GECC Certificate to the Disbursing Agent would allow for a more effective administration of the Debtors' estate and would provide a substantial benefit to, and is in the best interest of, the Class M Claimants and the Debtors' estate as a whole.

Wherefore, John M. Jewell, as Disbursing Agent for the Debtors, prays that this Court order General Electric Capital Corporation to turn over the GECC Certificate so that it may be deposited into the Creditor Payment Fund, and a final, pro-rata distribution can be made to Class M Claimants, and for such other and further relief as the Court deems just and proper.

## III. *Position of the Parties*

In its motion the defendant argues that the complaint should be dismissed pursuant to Bankruptcy Rule 7012 for failure to state a claim upon which relief can be granted.[1] The defendant asserts that the complaint fails to state a claim because the complaint (1) is seeking an amendment of the debtors' confirmed Amended Joint Plan (the Plan); (2) is asking for the plaintiff to modify the Plan when the plaintiff is specifically denied the power to modify in Article XX of the Plan; (3) is seeking to have the plaintiff set aside the acts of the debtors when the plaintiff is specifically denied such power in the Plan; (4) bases its claim upon 11 U.S.C. § 105 of the Code which does not permit a taking of a portion of an undersecured creditor's bargained for collateral; and (5) is seeking to breach the confirmed Plan which is a contract between the parties.[2]

The plaintiff asserts that he has stated a valid claim for relief based on his request for the turnover of the $82,546.56 certificate of deposit which currently secures the payment by the debtors of certain bonds issued in favor of the defendant (the GECC

---

**1.** Bankruptcy Rule 7012 makes Federal Rule of Civil Procedure 12(b)(6) applicable to bankruptcy adversary proceedings.

**2.** The defendant attached to its motion to dismiss a copy of the defendant's confirmed Plan. The Plan states that the asset, at issue, would be pledged as collateral to the defendant based on a compromise and settlement between the parties. The Plan also states that a disbursing agent would be appointed, and sets forth the duties and limitations of this disbursing agent. The Plan states that the disbursing agent would not have the power to take any action to set aside or reexamine any acts of the debtors in the period of time between the petition date and consummation date.

Certificate). The plaintiff bases his claim for relief upon 11 U.S.C. § 542 and the principles of equity contained in 11 U.S.C. § 105. It is the plaintiff's theory that the Court can exercise its equitable authority to extinguish the lien of the defendant against the GECC Certificate and force the turnover of a valuable asset for distribution to creditors. It is the plaintiff's position that the turnover of the GECC Certificate would greatly benefit the estate with little harm being caused to the defendant as the turnover of the GECC Certificate would only lower the defendant's undersecured status from 89% to that of being undersecured 85%.

## IV. Conclusions of Law

11 U.S.C. § 542 of the Code states in relevant part:

> (a) Except as provided in subsection (c) or (d)[3] of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542 (footnote added).

11 U.S.C. § 105 of the Code states in relevant part:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105.

■ In deciding a motion to dismiss, the Court must take all of the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A cause should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). *See also Wright v. An-*

*thony*, 733 F.2d 575, 577 (8th Cir.1984). However, dismissal is proper when a complaint clearly shows a plaintiff cannot recover under any circumstances. *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir.1974).

■ The pending complaint as asserted does not state a claim. The complaint is, in reality, seeking to substantially modify the debtors' confirmed Plan by rewriting the terms agreed to by the parties. The complaint on its face seeks to extinguish the defendant's lien on the GECC Certificate. This is a substantial modification of the confirmed Plan. The Code provisions for such modification are set forth in 11 U.S.C. § 1127(b) and (c).

11 U.S.C. § 1127 of the Code states in relevant part:

> (b) The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.
>
> (c) The proponent of a modification shall comply with section 1125 of this title with respect to the plan as modified.

Substantial modification of a plan is controlled by 11 U.S.C. § 1127 and cannot be negated by 11 U.S.C. § 105(a). *See In re Stevenson*, 138 B.R. 964, 966–67 (Bankr.Idaho 1992). The Court holds that the plaintiff can not circumvent via 11 U.S.C. §§ 542 and 105 the procedure set forth in 11 U.S.C. § 1127 for the modification of a confirmed plan. Therefore the complaint, in its present form, fails to state a claim for which relief can be granted.

## V. Conclusion

Based on the above reasoning, the Court holds that the complaint does not state a claim upon which relief may be granted.

---

**3.** These subsections are not applicable here.

The defendant's motion to dismiss is granted.