**In re Lynn E. STEVENSON, Debtor.**

**Civ. No. 92–0220–S–HLR.**
**Bankruptcy No. 90–00480.**

United States District Court,
D. Idaho.

Dec. 18, 1992.

James L. Kennedy, Jr., Ketchum, Idaho, Gary D. Babbitt, Hawley, Troxell, Ennis & Hawley, Boise, ID, for appellant/debtor Stevenson.

Ron Kerl, Service, Gasser & Kerl, Pocatello, ID, for appellee Farm Credit Bank of Spokane.

## ORDER AFFIRMING BANKRUPTCY COURT AND DISMISSING APPEAL

RYAN, District Judge.

### I. FACTS & PROCEDURE

This matter is currently before the court on appeal from an Order and Memorandum of Decision entered by the United States Bankruptcy Court for the District of Idaho on April 3, 1992. Pursuant to the express request of appellant, this matter was set to come on for hearing on December 14, 1992. On that date, being fully prepared for the hearing, the court was advised by its Deputy Clerk that appellant's counsel had a family emergency to attend to and would not be able to appear for the hearing. Therefore, the hearing was vacated.

Having fully reviewed the record herein in preparation for the hearing, the court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this court without oral argument. Bankruptcy Rule 8012.

On April 3, 1992, the United States Bankruptcy Court for the District of Idaho entered an order which precluded the debtor from modifying his Chapter 11 plan based on a finding that the plan had been substantially consummated as contemplated by 11 U.S.C. § 1127(b). *In re Stevenson*, 138 B.R. 964 (Bankr.D.Idaho 1992).[1] Rather

---

1. *In re Stevenson*, Case No. 90–00480–11 (Bankr.D.Idaho) Order and Mem. of Decision, filed April 3, 1992 (J. Hagan).

than restate the entire factual record and all of the reasoning underlying the bankruptcy court decision, the text of *In re Stevenson*, 138 B.R. 964 (Bankr.D.Idaho 1992), is hereby incorporated by reference. However, to the extent some factual development will facilitate a better understanding of this court's reasoning as it conducts an appellate review, a brief summary of facts is as follows.

On October 31, 1990, Debtor's First Modified Chapter 11 Reorganization Plan was confirmed by the bankruptcy court. The major creditor affected by Stevenson's plan was Farm Credit Bank[2] (hereinafter "FCB") whose treatment under the plan was to be in accordance with a stipulation which was specifically incorporated into the plan as confirmed. *See* Stipulation for Compromise and Treatment of Claim (hereinafter Stipulation), filed Aug. 16, 1990.[3]

This appeal arises from a ruling by the bankruptcy court which, pursuant to a motion for a declaratory ruling filed by Appellee FCB, effectively disallowed the debtor's attempts to modify his plan based on a finding that the plan had been "substantially consummated." On appeal, Appellant Stevenson essentially contends: (1) that the bankruptcy court erred as a matter of law when it entered its decision precluding modification because the debtor had not *explicitly* filed a document entitled "Motion to Modify" and a confirmation hearing had not been held regarding the proposed

modification; and (2) that the bankruptcy court erred as a matter of fact in determining that such modification was barred by a finding of "substantial consummation" pursuant to 11 U.S.C. §§ 1127(b) and 105(a).

Having fully reviewed the record, together with the applicable provisions of the Bankruptcy Code and relevant case authorities, this court finds that the bankruptcy court's decision was well reasoned and should not be disturbed. Consequently, based on the analysis to follow, the decision of the bankruptcy court shall be affirmed.

## II. ANALYSIS

### A. *Modification Denied Under 11 U.S.C. §§ 1127(b) & 105(a)*

■ By way of this appeal, appellant essentially asks this court to find that, despite the fact that the record clearly demonstrated that the debtor was unequivocally attempting to modify his plan, the bankruptcy court was required to wait for an express oral or written motion captioned as a "Motion to Modify." Absent such an express motion, the debtor contends that the matter was not properly before the bankruptcy court; and, therefore, the bankruptcy court's ruling should be reversed as a matter of law. This court does not agree.

True, the impetus for the bankruptcy court's order at issue on appeal was not an express "motion to modify" filed by the

---

2. Apparently, when compared with other creditors, Farm Credit Bank held the largest portion of secured and unsecured claims against Stevenson, with 56 percent of the secured debt and 97 percent of the unsecured debt. Appellee's Brief, filed July 28, 1992, ¶ 6 at 4. Specifically, at the time of his Chapter 11 filing, on just one of three loans from Farm Credit Bank, Stevenson owed approximately $2,827,431.89, which represented a secured claim in the approximate amount $819,605.17, and an unsecured claim in the amount $2,007,826.72. *Id.*

3. As summarized by FCB, the Stipulation included the following material covenants:
   "(a) The addition of the sum of $215,000 in principal to the amount of FCB's allowed secured claim in the event of default;
   "(b) The dismissal with prejudice of FCB's foreclosure action pending in state district court;

"(c) The mutual release and discharge of all claims arising out of all transactions between Stevenson and FCB as of the date of confirmation, except as provided for in the stipulation;
   "(d) The requirement that the terms of the parties' Stipulation would become an integral part of and incorporated into any plan of reorganization proposed by Stevenson and that the terms of the Stipulation would be binding upon all parties; and
   "(e) Stevenson's waiver of the right to modify the terms of his plan in any respect which would alter, amend or modify the terms of the Stipulation with FCB, and his agreement that the terms of the Stipulation would remain in full force and effect in the event of dismissal, conversion or in the event of any subsequent modification of the plan." Appellee's Brief, filed July 28, 1992, ¶ 8 at 4–5.

debtor, but rather, a Motion for Declaratory Ruling filed by the creditor, FCB. Nevertheless, a review of the record clearly shows that the debtor was taking steps to modify his plan, that such modifications would materially affect the rights of FCB, and that FCB had a right to seek a determination regarding whether or not modification should be permitted under Sections 1127(b)[4] and 105(a).[5]

Indeed, the debtor's arguments maintaining that the issue of modification was not properly before the bankruptcy court are completely discredited by the record and by the debtor's own statements.

For example, on December 30, 1991, Stevenson filed a Motion for an Order Regarding Plan *Modification* and Conditionally Suspending Plan Execution (emphasis added). Although the bankruptcy court did not suspend execution of the plan, Stevenson was permitted to file his proposed modification and proceed with modification on its merits under the provisions of 11 U.S.C. § 1127. *In re Stevenson*, 138 B.R. at 966.

And, in response to FCB's Motion for Declaratory Ruling, the debtor never disputed that he sought to modify his plan, but rather, he specifically stated that "[d]ebtor proposes under § 1127(b) and related statutes and rules to obtain confirmation of certain modifications of the plan, affecting *only FCB* and otherwise enhancing the feasibility of the plan." Mem. Constituting Debtor's Written Response, filed Feb. 24, 1992, at 2 (emphasis added).

4. Section 1127(b) shall be set forth and specifically addressed under Section B of this analysis.

5. Section 105(a) provides the following:
The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
11 U.S.C.S. § 105(a) (Law.Co-op.1985 & Supp. 1992).

6. The bankruptcy court explained that "The practical effect of such an order will terminate further proceedings on the modification and

In light of the fact that FCB would be the only creditor affected by the proposed modification, and in view of the terms of the prior Stipulation between FCB and Stevenson, it seems entirely appropriate to this court that FCB would seek a declaratory ruling regarding whether or not the attempted modification should be permitted under 11 U.S.C. §§ 1127(b) and 105(a). Therefore, this court finds that the bankruptcy court did not err as a matter of law when it entertained and ruled on FCB's motion and entered its order,[6] thereby determining that "the proposed modification is not authorized under the provisions of 11 U.S.C. § 1127(b) or 11 U.S.C. § 105(a)...." *In re Stevenson*, 138 B.R. at 968.

### B. *The Finding of Substantial Consummation*

Based on the record, Stevenson clearly attempted to modify Debtor's First Modified Chapter 11 Reorganization Plan. However, pursuant to 11 U.S.C. § 1127(b), a plan can only be modified *before* it is substantially consummated. In pertinent part, Section 1127(b) provides the following:

The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan *and before substantial consummation of such plan,* but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title....

will authorize the denial of the modification motion." *In re Stevenson*, 138 B.R. at 968. Certainly, the bankruptcy court was referencing, in a general sense, those items in the record which pertained to debtor's proposed modification.

In the interest of further clarifying the record, this court finds that, while the *substance* and *effect* of the bankruptcy court's Memorandum of Decision and Order should certainly not be changed, the wording of the Order should be. To this end, this court's order affirming the bankruptcy court's decision will provide that the wording of the Order entered on April 3, 1992, be deemed changed so that it does not suggest that an *express* "motion to modify" was filed by the debtor.

11 U.S.C.S. § 1127(b) (Law.Co-op.1987) (emphasis added).

Given the posture of this proceeding at the time FCB filed its motion for declaratory ruling, the bankruptcy court properly considered the threshold issue regarding whether or not Stevenson's First Modified Chapter 11 Reorganization Plan was "substantially consummated," since substantial consummation precludes further attempts at material modifications. In conducting an analysis of that issue, the bankruptcy court properly took into account the factors delineated in 11 U.S.C. § 1101(2), which states that

"substantial consummation" means—
(A) transfer of all or substantially all of the property proposed by the plan to be transferred;
(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
(C) *commencement* of distribution under the plan.

11 U.S.C.S. § 1101(2) (Law.Co-op.1987) (emphasis added).

■ As noted by appellant, the decision of *In re Jorgensen,* 66 B.R. 104 (9th Cir. BAP 1986), makes clear that the determination regarding substantial consummation of a plan turns on the facts of each case. *Id.* at 106 (citation omitted). Appellant contends that this proposition alone warrants a reversal and remand to the bankruptcy court. Once again, this court does not agree.

First of all, based on the briefing, the only element of Section 1101(2) which the appellant appears to dispute the satisfaction of is element (C) which requires a finding of commencement of distribution under the plan. As noted in the case of *In re Bedford Springs Hotel, Inc.,* 99 B.R. 302 (Bankr.W.D.Pa.1989), which appellant himself as cited, "Subsection (C) [of Section 1101(2)] requires only that such a distribution be *commenced.*" *Id.* at 303 (emphasis in original) (citations omitted).

In this case, the bankruptcy court properly concluded that the debtor "has com-

menced distribution of the payments provided for under the plan ... [and that] [t]he only act remaining to be performed by the debtor over the remaining term of the plan is to make the [remaining] cash payments as provided for by the plan." *In re Stevenson,* 138 B.R. at 967. And, the bankruptcy court went on to note that:

The conclusion of substantial consummation is buttressed by the materiality of the proposed modification. If the modification is allowed, a new plan would be created as far as the treatment of the allowed secured claim of Farm Credit Bank is concerned. Of further note is the fact the Farm Credit claim treatment in the confirmed plan was based on an agreement between the parties. To allow the debtor to unilaterally rescind that agreement would violate the principal of finality expected in chapter 11 confirmed plans.

*Id.* at 967–68 (footnote omitted).

■ Factual findings by a bankruptcy court are reviewed for clear error. *In re Bradford,* 112 B.R. 347, 351 (9th Cir.BAP 1990) (*citing In re Bloom,* 875 F.2d 224, 227 (9th Cir.1989)). After reviewing the record in this case, this court would be hard pressed to find any error in the bankruptcy court's findings that Stevenson's plan had been substantially consummated and, more specifically, that distribution under the plan had certainly been commenced.

■ FCB's secured claims arose from three separate loans to Stevenson, which are referred to in the record as the Camas/Gooding loan, the Bliss loan, and the PCA loan. In his opening brief, Stevenson urges this court to find that commencement of distribution did not occur because he failed to make the *first* installment due on the *Camas/Gooding loan,* which was due on December 1, 1991. However, the fact that one particular payment was not made does not preclude a finding of substantial consummation. On the contrary, the record is replete with undisputed facts that demonstrate that distribution had commenced under the plan since Stevenson had already made several other payments to

FCB based on his other obligations which were fully set forth in the Stipulation and incorporated into the terms of his First Modified Chapter 11 Reorganization Plan.

Appellee's Brief sets forth in summary fashion such payments, which were stated as follows:

*Affidavit of Lynn Stevenson, p. 5, ¶ 21.* On December 20, 1991, Stevenson filed an affidavit to support his motion "regarding plan modification" and attested under oath to the following fact: "Under the confirmed plan, I have paid to the Farm Credit Services [FCB] nearly $200,-000 for servicing the debt owing to Farm Credit Services and I have made each payment except the December 91 payment."

*Affidavit of Kim Herzinger dated April 16, 1992, p. 5, ¶ 12.* In his affidavit, Kim Herzinger, an authorized agent of FCB, makes the following sworn statement based on FCB's official business records: "Since ... confirmation of the Debtor's chapter 11 plan on October 31, 1991, the Debtor has made the following payments to FCB on the loan now in dispute [Camas/Gooding Loan]:

a. The sum of $101,295.21 was paid to FCB on November 1, 1990, as required by ¶ 4.A.(1) of the Stipulation and Plan.

b. An interest only payment of $13,040.34 was paid to FCB on December 31, 1990, as required by ¶ 4.A.(1)a. of the Stipulation and Plan.

The Debtor failed or refused to make the payment due December 1, 1991, as required by paragraph 4.A.(1) of the Stipulation and Plan. Additional payments were made under the stipulation and plan, on other debts owed by the Debtor to FCB:

a. The sum of $17,390.79 was paid to FCB on October 4, 1990, as required by ¶ 4.B. of the Stipulation, in full satisfaction of the Bliss Loan, No. 12784.

b. The sum of $15,651.60 was paid to FCB on September 17, 1990; the sum of $21,828.91 was paid to FCB on April 2, 1991; the sum of $21,898.91 was paid to FCB on October 15, 1991; and the sum of $21,828.91 was paid to FCB on April 15, 1992. These payments were required under ¶ 4.C.(1) of the Stipulation and Plan.

c. A special principal payment of $6,000.00 was made by the Debtor on February 26, 1992, and applied to the loan identified in ¶ 4.C. of the stipulation and plan."

Appellee's Brief, filed July 28, 1992, at 19–20.

Debtor–Appellant's Reply Brief on Appeal from Bankruptcy Court to District Court does not dispute any of the foregoing facts. On the contrary, as to this issue, the debtor merely continues to assert that the bankruptcy court did not make adequate factual findings and that it erred in concluding that substantial consummation had occurred.

■ This court simply cannot agree. The facts clearly support the bankruptcy court's finding that distribution had been commenced under the plan. Moreover, as the bankruptcy court reached its decision it properly recognized that, "[t]he burden of showing the absence of substantial consummation is on the debtor." *In re Stevenson,* 138 B.R. at 967 (*citing In re Fansal Shoe Corp.* 119 B.R. 28, 30 (Bankr. S.D.N.Y.1990); and *In re U.S. Repeating Arms Co.,* 98 B.R. 138, 140 (Bankr.D.Conn. 1989)). *See also In re Scotland Guard Serv., Inc.,* 139 B.R. 264 (Bankr.D.Puerto Rico 1991) (proponent of modification did not meet burden of establishing that plan *not* substantially consummated). This standard was discussed in the case of *In re Modern Steel Treating Co.,* 130 B.R. 60 (Bankr.N.D.Ill.1991), where the court denied modification of a plan based on a finding of substantial consummation and noted that: "[A] confirmed plan is a contract.... The insolvency of the promisor does not discharge the duty to perform under the contract.... No amount of financial constraint will, in and of itself, relieve the Debtor of its obligations." *Id.* at 65 (citations omitted). While these maxims seem harsh, they warrant recognition and certainly cannot be disregarded based on the facts in this case.

FCB lived up to its part of the stipulation entered into on August 16, 1990. In addition to having agreed to a large "cram down" of its secured claim, FCB dismissed its foreclosure action with prejudice, released its *lis pendens* encumbering Stevenson's real property, and relinquished its unsecured claim in excess of $2,000,000.00, thereby losing its right to assert "absolute priority" as a defense to confirmation of an unacceptable plan. Appellee's Brief, filed July 28, 1992, at 5–6.

The proposed modification would have unavoidably nullified the stipulation entered into between Stevenson and FCB. As it cited the decision of *In re Olsen*, 861 F.2d 188 (8th Cir.1988), the bankruptcy court recognized that it is vested with the power to modify a stipulation. *Id.* at n. 6. However, the bankruptcy court distinguished the circumstances in this case from those in *Olsen* noting that here not only was the debtor's plan substantially consummated, but that the modifications sought in this case were not merely extending the terms of payment to the creditor, but the secured claim of the creditor would be further "crammed down" if modification were allowed. *Id.*

██ Finally, this court is aware that the Ninth Circuit Court of Appeals has gone so far as to declare that "the bankruptcy court can even set aside a stipulation entirely if the interests of justice so require *and* if the parties can be restored to the positions they occupied *before* they entered the stipulation." *In re Lenox*, 902 F.2d 737, 740 (9th Cir.1990) (citation omitted) (emphasis added). However, where, as here, the modification proposed by the debtor does not begin to restore FCB to the position it occupied before entering the stipulation, it would have been completely inappropriate for the bankruptcy court to have allowed the proposed modification.

### III.   ORDER

Based on the foregoing and the court being fully advised in the premises,

7. *See supra* note 6.

IT IS HEREBY ORDERED that, instead of referencing "debtor's proposed chapter 12 plan," and ordering that "The motion of the Reorganized Debtor to modify his chapter 11 plan is denied," the United States Bankruptcy Court's Order entered on April 3, 1992, should be, and is hereby MODIFIED to reference "debtor's proposed chapter 11 plan" and read as follows:

"Farm Credit Bank's Motion for Declaratory Ruling filed on January 15, 1992, should be, and is hereby, GRANTED; and Debtor is hereby precluded from continuing to seek modification of his First Modified Chapter 11 Reorganization Plan."[7]

IT IS FURTHER ORDERED that the Order, as modified, and Memorandum of Decision of the bankruptcy court filed on April 3, 1992, should be, and are hereby, AFFIRMED in their entirety.

IT IS FURTHER ORDERED that the appeal herein should be, and is hereby, DISMISSED.